**FEDERAL HOME LOAN BANK OF SAN FRANCISCO, a corporation, Plaintiff,**

v.

**LONG BEACH FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation, Defendant.**

**Civ. A. Nos. 13979, 5421.**

United States District Court
S. D. California, Central Division.

Sept. 16, 1954.

See also 122 F.Supp. 401, 472.

HALL, District Judge.

1. Findings of Fact,
2. Conclusions of Law, and
3. Judgment Quieting Titles
   on

Motions for Summary Judgment by Home Investment Company, Title Service Company, and Long Beach Federal Savings, and Loan Association on Behalf of Themselves and Others [Sometimes Referred to as 8,000 Homeowners] Concerning Various Parcels and Items of Real and Personal Property.

| Judgment | Filed |
|---|---|
| Docketed and Entered | Sept. 16, 1954 |
| Sept. 16, 1954 | Edmund L. Smith, |
| Edmund L. Smith, | Clerk |
| Clerk | By S. W. Stacey |
| By C. A. Simmons | Deputy Clerk |
| Deputy Clerk | |

[1] District Court of the United States, Southern District of California, Central Division.

Civil Action No. 13979–P.H.

Federal Home Loan Bank of San Francisco, a corporation. Plaintiff, vs. Long Beach Federal Savings and Loan Association, a corporation, Defendant.

Home Investment Company of Long Beach, as representative of a Class of 8,000 Homeowners; and Title Service Company as Trustee on deeds of trust on homes of 8,000 Homeowners, et al., Cross-claimants, vs. Federal Home Loan Bank San Francisco; A. V. Ammann, Conservator; Home Loan Bank Board; Federal Savings and Loan Insurance Corporation, et al., Cross-defendants.

Long Beach Federal Savings and Loan Association, et al., Cross-claimants, vs. Federal Home Loan Bank of San Francisco; A. V. Ammann; Home Loan Bank Board, et al., Cross-defendants.

1. Findings of Fact,
2. Conclusions of Law, and

3. Judgment Quieting Titles on Motions for Summary Judgment by Home Investment Company, Title Service Company, and Long Beach Federal Savings and Loan Association on Behalf of Themselves and Others [Sometimes Referred to as 8,-000 Homeowners] Concerning Various Parcels and Items of Real and Personal Property.

[2] The Motions for Summary Judgment quieting titles of:

1. Home Investment Company, for itself and as representative of a class;

2. Plaintiff in intervention and cross-defendant Title Service Company, on behalf of itself as trustee and as representative of a class; and

3. Defendant and cross-claimant Long Beach Federal Savings and Loan Association, on behalf of itself, and as representative of a class;

all came on regularly to be heard before this Court, and were heard on the following dates, to wit: May 21, 25, 1953, June 8, 22, 24, 1953, August 3, 1953, October 12, 13, 14, 15, 16, 20, 21, 22, 1953, December 21, 22, 1953, and January 11, 14, 21, 22, 27, 28, 1954. Federal Home Loan Bank of San Francisco is sometimes hereinafter referred to and called San Francisco Bank. Long Beach Federal Savings and Loan Association is sometimes hereinafter referred to and called Long Beach Association or the association, Title Service Company is hereinafter referred to as Title Service or as trustee. The signers of the notes and trust deeds involved are sometimes hereinafter referred to as trustors, obligors, borrowers or homeowners. That A. V. Ammann went into possession of the assets and properties of the Long Beach Federal Savings and Loan Association on May 20th, 1946 under Order No. 5254 of the Federal Home Loan Bank Administration, and continued in the possession and operation of said association and its business and affairs until January 24th, 1948, during which time George K. Bramley was and acted as his deputy. That such posses-

sion and operation of said association by Ammann and/or said Bramley arose out of and they acted under Federal Home Loan Bank Administration Order No. 5254, and that hereinafter for convenience reference to said Ammann and to said Bramley includes such capacity or purported capacity, and by [3] period of operation or possession whether specifically mentioned or not is meant the period from May 20, 1946 to January 24, 1948.

It would unduly prolong this judgment to recite the details shown in the clerk's minutes, reporter's transcripts, and files of this Court, concerning appearances of numerous counsel, service of notice of said motions, etc.

Said motions were argued by all counsel desiring so to do and having argued, counsel submitted the matter, and the Court having considered the evidence, both oral and documentary, and from the verified motions, affidavits and evidence (both oral and documentary) presented, both in this Action No. 13979-P.H. and from all matters produced at said hearings and from the records, orders, judgments, pleadings, and proceedings heretofore had in this action, and in the above referred to consolidated, related and enjoined causes, the matters were submitted and considered by the Court, and on June 10, 1954, a memorandum opinion and direction for orders, etc., 122 F.Supp. 401, was filed by the Court in this action.

The Court therefrom and from said previous hearings, findings, orders, and judgments, now finds:

1. Reasonable Notice Given.

That due and adequate and lawful process and notice of the time set for hearing of said Motions for Summary Judgment was and has been given, and lawful and timely service of the supporting papers therefor was given, and that said notice and service and the time given thereby was, and is, reasonable.

2. Proposed Drafts of Summary Judgment Served Upon Counsel.

That counsel for the parties in whose favor judgment is herein entered pursu-

ant to said Memorandum Opinion and direction for orders, etc., filed, and caused to be served upon counsel for parties against whom judgment is herein entered, their first [4] proposed form of this Summary Judgment.

That objections were filed thereto and the Court, on July 22nd and 23rd, 1954, upon notice to counsel, held hearings upon the proposed form of this Summary Judgment, and directed counsel for prevailing parties thereon to redraft another proposed form of Summary Judgment embodying the findings, conclusions of law, and judgment, as then directed by this Court.

Said second draft of proposed Summary Judgment and the affidavit of Granville B. Smith hereinafter referred to was thereafter similarly filed and served upon counsel for said parties, and written objections thereto received, which have been duly considered.

3. Summary of Detailed Descriptions Contained in Attached Schedule and Breakdown of "Paid" and "Unpaid" Notes and Trust Deeds.

That attached to said motions and to various pleadings herein was a list or schedule of the several thousand notes, trust deeds and properties involved; that in the interest of accuracy and to comply with the said Memorandum of Opinion for Summary Judgment, it was and is necessary that an analysis of said schedules and descriptions be made; that the same was done as appears from the Affidavits of Granville B. Smith filed and served herein as above mentioned; that no affidavit or other showing of any nature contrary to the facts stated in said Affidavit has been made or filed, and that the same is true; that it appears therefrom and otherwise herein:

(a)—That the schedule attached hereto consisting of pages 1 to 121, inclusive, is hereby made a part hereof as if herein again set out *haec verba*.

(b)—That said schedule contains a complete list and description of all of the notes and trust deeds involved in and covered by the Affidavit and Motions for Summary Judgment [5] and the within Judgment, giving the descriptions by loan number (as carried by Long Beach Association, Ammann as aforesaid, and by Federal Home Loan Bank of San Francisco), original amount of loan, original date of execution of note and trust deed, name of trustor (debtor, homeowner, borrower or obligor), name of trustee, whether paid or unpaid on January 18, 1954, whether designated in or by any instruments of assignment or not (executed by said Ammann to Federal Home Loan Bank of San Francisco), and recording data from which the legal description of the real property can be ascertained.

(c)—That there is contained in said schedule an itemization and description of 4,236 notes and 3,944 trust deeds, covering as many, or more, separate parcels of property securing the same (the number of trust deeds differs from the number of notes for the reason that in many instances one trust deed secured several notes). That of the said 4,236 notes and their accompanying trust deeds, there was in the possession of San Francisco Bank on March 13th, 1948, 2,400 notes and their accompanying trust deeds under claim of assignment to it by said Ammann as conservator, as collateral security on notes signed by said Ammann, which had a face on March 13th, 1948 of $6,300,000.

(d)—That 1,068 of said 4,236 notes are not designated in any instrument, or thereon, as having been assigned, and are either notes and their accompanying trust deeds intervened in court or received by A. V. Ammann as the result of loans made by him while in possession and operation of said association, acting under Federal Home Loan Bank Administration Order No. 5254 between the period of May 20th, 1946 and January 24th, 1948.

(e)—That the grand total of original amounts of all notes listed in said schedule was the sum of $16,967,606.46.

(f)—That from May 20, 1946 (or date of instruments of assignment if any subsequent thereto, and prior to [6] March 26, 1948) to and until January

18, 1954, a grand total of $13,493,185.32 was paid by the trustors-obligors on said notes and trust deeds, or on their behalf, and was received and/or collected by either said Ammann while in possession, as aforesaid of Long Beach Association, or said association after restoration of possession to it on January 24, 1948, on the 4,236 notes and trust deeds listed in said schedule, either in full or partially as identified in said schedule as "paid" or "unpaid" respectively.

(g)—That of the 4,236 notes secured by trust deeds listed in said schedule, 3,043 were paid in full by or on behalf of the respective obligor-trustors (homeowners) prior to January 18, 1954, and are identified on said schedule as "paid".

(h)—That of said 4,236 notes secured by trust deeds listed in said schedule, 1,193 of said notes and their accompanying trust deeds had unpaid balances due thereon as of January 18, 1954, and are identified in said schedule as "unpaid".

(i)—That prior to January 18th, 1954, the trustor-debtors (homeowners) on said 3,043 notes and trust deeds, identified in said schedule as "paid", paid in full and discharged, or caused to be paid and discharged, all obligations of every kind and character which existed against them on said notes and trust deeds by paying sums which totaled $8,541,960.93 principal, and $1,753,663.15 interest on said notes and trust deeds, either to Long Beach Association or to Ammann while in possession or operation of said association from May 20th, 1946 to January 24th, 1948, or by deposit in court by interpleader-intervention in Action 5421–5678.

(j)—That prior to January 18, 1954, the trustor-debtors on said 1,193 notes and trust deeds, identified in said schedule as "unpaid" had paid the sum of $1,716,433.07 on account of principal, and $1,481,128.17 on account of interest on [7] said 1,193 notes and their accompanying trust deeds either to Long Beach Association or to said Ammann while in possession or operation of said association.

(k)—That the Long Beach Federal Savings and Loan Association prior to January 18, 1954, has received the sum of $13,493,185.32 principal and interest on said 4,236 notes and their accompanying trust deeds, which sum is made up of the total principal and interest described in subparagraph (i) above, as paid on the 3,043 notes and their accompanying trust deeds paid in full prior to January 18, 1954, and the total principal and interest described in subparagraph (j) above, as paid on account of the 1,193 notes and their accompanying trust deeds which were not paid in full prior to January 18, 1954, of which total sum, the sum of $1,641,037.96 (principal and interest) was deposited in court in the interpleader-interventions in Action 5421–5678, hereinafter described; and that said sum of $1,641,037.96 so deposited in court is specifically exempted from the within quiet title judgment.

(l)—That in said schedule of 4,236 notes and their accompanying trust deeds, there is listed the notes and their accompanying trust deeds which were the subject of interpleader-interventions and judgments thereon, hereinafter more particularly described in heading No. 17 hereof, in the course of which interpleader-intervention proceedings had in Action Nos. 5421–5678, there was deposited in court the total sum of $1,641,037.96 which was payment in full of all obligations, duties and liabilities of the trustor debtor on said notes and trust deeds; that all of the properties, all of the notes and accompanying trust deeds, covered by said interpleader-interventions are described as being among the $3,043 notes and trust deeds identified in said schedule as "paid".

[8]  4.  Organization of Defendant Long Beach Federal Savings and Loan Association.

That defendant Long Beach Federal Savings and Loan Association is a mutual thrift Federal Savings and Loan Association, organized and existing as such under the laws of the United States, with its principal and only place of busi-

ness at Long Beach, Los Angeles County, California, within the district and territory of this District Court.

Said association presently has approximately 30,000 mutual shareholders, who are savings depositors therein who are mutual members thereof, and in excess of 8,000 borrowers.

### 5. Organization of Federal Home Loan Bank of Los Angeles.

That cross-defendant Federal Home Loan Bank of Los Angeles was the Federal Home Loan Bank for the Twelfth Federal Home Loan Bank District, and was organized and created as such on October 20, 1932. Said bank existed under and pursuant to the laws of the United States. Defendant Long Beach Federal Savings and Loan Association was a stockholder in and a member of said bank.

### 6. Merger of Federal Home Loan Banks. Creation of Federal Home Loan Bank of San Francisco.

On March 29, 1946, by Federal Home Loan Bank Administration Orders Nos. 5082, 5083 and 5084, all of the assets and liabilities of said Los Angeles Bank, and all of its properties and obligations, were transferred to the Federal Home Loan Bank of Portland, the Federal Home Loan Bank for the Eleventh District. Said Federal Home Loan Bank of Portland was organized and created as such on November 23, 1932. Its principal and only place of business was Portland, Oregon. It existed under, and pursuant to, the laws of the United States.

By said Orders Nos. 5082, 5083 and 5084, the name of [9] the said Portland Bank was changed to Federal Home Loan Bank of San Francisco, and the principal office of said bank transferred from Portland, Oregon, to San Francisco, California, with branches of said San Francisco Bank thereafter, and yet, maintained and operated at Portland, Oregon, and Los Angeles, California.

By the terms of said Orders Nos. 5082, 5083 and 5084, all of the properties and assets, and all of the liabilities and obligations of the said Federal Home Loan Bank of Los Angeles were transferred to, and assumed by, Federal Home Loan Bank of Portland, now known as the Federal Home Loan Bank of San Francisco, and sometimes herein referred to as San Francisco Bank.

### 7. Creation of Defendant Home Investment Company.

On March 21, 1939, cross-defendant Home Investment Company of Long Beach was organized. Ever since such date it was, and now is, a corporation organized and existing as such under the laws of the State of California. Since its organization, it has, and yet does, engage in a general home building, real estate subdivision, and home selling business. It did and does finance construction of said homes by individual notes and deeds of trust from lending institutions, including defendant Long Beach Federal Savings and Loan Association, by construction or building loans, and during or upon the completion of construction, did or does sell the completed homes to individual homeowner purchasers who, by various sales documents, including contracts for the sale of real estate, grant deeds, and other similar conveyance arrangements, did or do become the owners of, and enter into immediate possession and occupancy of, said completed homes.

By the terms of said conveyance instruments, said individual homeowners did and do assume and become personally liable for the payments of said notes and deeds of trust upon their respective homes. Most, or all, of said individual notes and deeds of trust, by the terms thereof, did or do require [10] periodic monthly or other installment payments of interest and principal thereon. Such payments were or are made by each respective homeowner, either to cross-defendant Home Investment Company or directly to defendant Long Beach Federal Savings and Loan Association, as holder, payee, and owner, of the note and owner and beneficiary of and under the deed of trust upon such individual homeowners' homes.

On May 20, 1946, Home Investment Company was the trustor on 174 separate trust deeds, security for 174 loans described (among other loans) on pages 82 to 88 inc. of the schedule, a part hereof.

### 8. Creation of Defendant Title Service Company.

Cross-defendant Title Service Company is a California corporation, organized as such by filing of its Articles of Incorporation on June 11th, 1935, and at all times since that date it has been, and yet is, a corporation organized and existing as such under the laws of the State of California. It did and does act as, among other things, trustee on deeds of trust for various lenders, including defendant Long Beach Federal Savings and Loan Association. It is, and/or was, the trustee upon all of the deeds of trust securing all the 4,236 notes listed on said schedule.

### 9. Nature of Business of Defendant Long Beach Federal.

Defendant Long Beach Federal Savings and Loan Association is a mutual thrift association, organized and existing under applicable Acts of Congress relating thereto. It has presently approximately 30,000 shareholder-depositors who or which share proportionately in its profits or losses. The payments they receive upon their deposited savings are dividends. Its principal source of income is from loans on real property, largely made to individuals on homes or dwellings under applicable Federal statutes.

Said association did and does lend its accumulated [11] savings deposits upon notes secured by encumbrances upon real property. By custom and usage in Southern California, said loans instead of being secured by mortgages, are evidenced by notes secured by, and part of, deeds of trust by which the legal title to the home of the individual borrower is conveyed to a trustee (in this case, cross-defendant Title Service Company, as trustee), to be held by said trustee as security for the repayment of the loans thus made. Said borrower is known as the trustor in such transactions, the lender is the beneficiary, and the holder of the legal title is trustee. Upon repayment of said loans in full, written requests for reconveyance of said trust deeds were and are made by said cross-defendant Long Beach Federal Savings and Loan Association, as payee on said notes, and beneficiary under said deeds of trust. Such written requests for reconveyance were and are directed to cross-defendant Title Service Company as trustee.

Upon said trustee being satisfied as to the genuineness and authority of said requests for reconveyance, said trustee did and does issue its reconveyance deed which, when recorded, is effective to reconvey to said homeowner also known as the borrower and trustor, the legal title to his respective home, and to release and discharge of record the obligation of said deed of trust and the note secured thereby.

Defendant Long Beach Federal Savings and Loan Association is, and/or was, payee on each of the notes and beneficiary on each of the deeds of trust listed on said schedule hereof, (either as original payee and beneficiary, or as successor of such original payee and beneficiary).

Each of such notes and deeds of trust shown on said schedule, under date of recordation as being recorded on or prior to May 20, 1946, were in existence on said May 20, 1946, were in the premises of said association, and were seized by [12] cross-defendant Ammann when he took possession of said association on that date.

Each of said deeds of trust contain terms (varying slightly in the printed form thereof), providing in substance that the trustee and the beneficiary are authorized to intervene, or otherwise become parties, in any legal proceeding or court action affecting the title concerning the security of said real property, the subject of said notes and deeds of trust.

### 10. Seizure of Long Beach Federal and Its Notes and Deeds of Trust by Defendant Ammann.

That on May 20, 1946, cross-defendant Ammann upon an assertion of right and power so to do under Order No. 5254 of the Federal Home Loan Bank Administration, and claiming he had been appointed conservator of said Long Beach Federal Savings and Loan Association, did seize possession of said Long Beach Federal Savings and Loan Association, all of its assets, premises and business, claimed to aggregate approximately $26,000,000 and thereafter continued in the possession and operation of said association, its affairs and business until 12:00 o'clock noon January 24, 1948.

As part of said seizure, he obtained possession of all of the original notes and deeds of trust described on said schedule, except such as are described under recording data as recorded subsequent to May 20, 1946.

That each of said original notes name defendant [13] Long Beach Federal Savings and Loan Association as payee; each of said original deeds of trust name said association as beneficiary (either as original payee and beneficiary, or as successor to said original payee and beneficiary).

### 11. Ammann Ousted by Three-Judge Court.

That said Ammann remained in possession of said association until October 1st, 1946, when, pursuant to an order and judgment of the statutory three-judge court in Action No. 5421–P.H. before this Court, he commenced to surrender possession of said association to said association's officers. Such transfer of possession was never completed.

### 12. Stay by U. S. Supreme Court.

Upon appeal to the United States Supreme Court, a stay of said three-judge court judgment resulted in said Ammann retaining possession of said association from October 2, 1946, and there-after remaining in possession until 12:00 o'clock noon, Saturday, January 24, 1948.

### 13. Removal of Ammann by Administrative and Court Orders.

That by Order No. 388 (dated January 17, 1948) cross-defendants Home Loan Bank Board rescinded Order No. 5254 of the Federal Home Loan Administration and said Ammann was required to return possession of said association's assets, premises and business to the officers of said association, and to render an accounting for said seized assets and all transactions therewith.

That upon presentation of said Home Loan Bank Board Order No. 388 to this Court, as was required by the terms of said order, an order and judgment of this Court was entered on January 23, 1948, among other things removing cross-defendant Ammann from the capacity in which he had possession of said association, requiring him to account, and revesting title to all of said association's assets, [14] including all the notes and trust deeds listed on said schedule, in said association and its officers.

Said order and judgment of this Court directed the said Ammann to, and pursuant thereto he did surrender possession of said association and its assets, premises and business, as of noon, January 24, 1948. Said order and judgment was a final judgment and no appeal therefrom was ever taken.

### 14. Creation of Claimed $7,000,000 Debt.

In 1946, shortly after said seizure of possession of the assets, premises and business of said association, cross-defendant Ammann claims to have borrowed, and plaintiff San Francisco Bank claims to have loaned, sums aggregating $7,300,000.

In connection therewith said cross-defendant Ammann executed and delivered to said plaintiff bank several promissory notes, aggregating in face $7,300,000. Approximately $1,000,000

of said amount was subsequently repaid by said Ammann.

The four purported notes of the face of $6,300,000, Exhibits "A," "B," "C" and "D" of plaintiff's complaint herein, were executed by said Ammann acting under Federal Home Loan Bank Administration Order No. 5254, in connection with said transactions.

Among the contentions of defendant Long Beach Association are that no loan was made, nor consideration given or created, and that such notes are renewal notes, and that Ammann had no lawful authority to make said loans, execute said notes or accompanying documents, or assign or pledge or transfer any property of said association as security whether Ammann was lawfully appointed and acting as conservator or not. It is unnecessary to now decide these contentions in order to enter the summary judgment quieting title herein contained, as the same are not material to the within judgment.

[15] 15. Assignment of Homeowners' Notes and Trust Deeds as Security for Said $7,000,000 and Documents Executed Thereunder.

In connection with said last above mentioned transactions and as alleged security or collateral therefor, cross-defendant Ammann executed a series of documents hereinafter referred to, by which it is claimed by Federal Home Loan Bank of San Francisco that there was assigned and transferred to it all of the notes and trust deeds set forth in said schedule whether designated on said schedule as "assigned" or not, and there was physically delivered to it on several separate occasions 3,168 of the notes and accompanying trust deeds described in said schedule, aggregating $9,584,084.00 in unpaid balances due thereon at the date of the said respective claimed assignments. Each of said original notes named defendant Long Beach Federal Savings and Loan Association as either original or successor payee. Each of said original deeds of trust named said

defendant Savings Association as either original or successor beneficiary.

In addition, cross-defendant Ammann acting under Federal Home Loan Bank Administration Order No. 5254 purportedly pledged and transferred as security on said notes attached to plaintiff's complaint herein to plaintiff bank, said U. S. Government bonds owned by defendant Savings Association with an approximate face of $8,300,000 and their attached interest coupons.

Subsequent transactions between said Ammann and said plaintiff bank resulted in sale of certain of such bonds, and purchase of other new bonds, which are claimed by plaintiff to have been similarly pledged and transferred to said plaintiff bank.

$5,300,000 face of such bearer U. S. bonds (original or substituted) remained in the possession of said plaintiff bank on March 13th, 1948, together with 2,-400 of the said 3,168 notes and trust deeds securing the same which were at one time in the [16] possession of San Francisco Bank as hereinbefore set forth.

As part of said alleged borrowing transactions, various instruments and documents were executed by said Ammann while in possession and operation of said Association as aforesaid. Among such are:

(a) The original notes listed and described on said schedule and identified thereon as "assigned," were endorsed without date as follows:
"Pay to the Order of the Federal Home Loan Bank of San Francisco
Long Beach Federal Savings and Loan Association
By A. V. Ammann
Conservator"

(b) A "Subordination Agreement";

(c) A "Collection Agreement";

(d) A "Pledge Agreement";

(e) An "Assignment of mortgages or deeds of trust." Said assignment of mortgages or deeds of trust contained 40 pages of lists describing several thou-

sand trust deeds with date, trustor and trustee, and recording information.

(f) At least 12 similar documents describing various of the said 3,168 notes and deeds of trust, identified on said schedule as "assigned" bearing dates of June 1, 1946, June 21, 1946, December 23, 1947, and January 6, 1948.

The text in full (omitting said 40 pages of list of notes and trust deeds) of each of (b) (c), (d), (e) and (f), will be found on pages 7 to 11 inc., of the Opinion of this Court of June 10th, 1954, 122 F.Supp. 401, in the above action.

Reference is made to said opinion for the contents and particulars of said documents.

That in addition to said Collection Agreement "(c)" above mentioned, a Collection Agreement, similar in form, was previously executed by defendant Long Beach Federal Savings and [17] Loan Association through its duly elected officers and directors and Federal Home Loan Bank of Los Angeles through its duly elected officers and directors.

Said Collection Agreement was so executed on October 23, 1934.

That said prior Collection Agreement at all times remained in full force and effect, and has never been revoked or modified in any form by either of the parties to it or their successors. Such Collection Agreement was one of those "assets and/or liabilities" assumed by the Federal Home Loan Bank of Portland when it received said document and all other assets, and assumed said, and all other, liabilities of said Los Angeles Bank on March 29, 1946.

That said asset and/or liability became, and remains an obligation in favor of and/or against plaintiff herein, Federal Home Loan Bank of San Francisco.

16. Homeowners' Titles Clouded. Customs Re Title Insurance.

That from May 20, 1946 until March 26, 1948, the titles to the real property of each of the borrower-trustors under each of the 4,236 notes and their accompanying deeds of trust described in said schedule were clouded, impaired and rendered unmarketable and unmerchantable by said seizures, assignments and transfers of said notes and deeds of trust by said cross-defendant Ammann and the claims of the numerous parties to Actions 5421–5678 of this Court, except as hereinafter set forth.

That by usage and custom in Southern California, policies of title insurance are required for marketable and/or merchantable title to real property to be sold, encumbered or conveyed in said area, and if a property owner is unable to obtain policies of title insurance on his home or real property, he is thereby prevented from future sale of the same, or of obtaining [18] future loans or refinancing thereon.

That during said period reputable title insurance companies were unwilling to insure the marketability or merchantability of said titles thus clouded by seizure, assignment and transfer of said notes and deeds of trust, and the disputes and issues of the litigation concerning the same, in connection with both the seizure of said Long Beach Federal Savings and Loan Association, and said Federal Home Loan Bank of Los Angeles, and the intertransfer and commingling of the seized assets of such institutions, except upon deposit into the registry of this court of the total amount, plus accrued interest claimed to be due on the notes, deeds of trust, and similar negotiable securities at issue in said litigation, and requests for reconveyance issued by both Ammann acting as aforesaid under said Order No. 5254 of the Federal Home Loan Bank Administration and Long Beach Federal Savings and Loan Association.

That grave and irreparable damage was threatened in 1946–1948, is now again threatened by the claims of San Francisco Bank in the within action, and will be suffered by said trustors (homeowners-borrowers) through being unable to clear the titles to their said real property of the obligations of said notes and deeds of trust and by said Title Service Company and Long Beach Association,

because of the conflicting claims of the San Francisco Bank in its complaint, unless this Court, in the exercise of its equity jurisdiction grants judgment for quieting title as hereinafter provided.

17. Homeowner Interpleaders to Clear Titles.

That from the 27th day of June, 1946, to January 24, 1948, there were 50 petitions to intervene in Actions Nos. 5421–5678, filed by various petitioners seeking to clear the titles to their homes and real property. Such petitions for intervention affected 480 separate parcels of real property within the territorial jurisdiction of this court. Pursuant to orders of this Court, there was deposited in Actions 5421–5678 in [19] the registry of this court, the aggregate sum of $1,641,037.96 in cash in interpleader by said trustor-borrowers hereinafter named in this heading No. 17. Upon each of such deposits, and upon receiving requests for reconveyance from Ammann and Long Beach Association, judgments for reconveyance of title to the respective petitioners in intervention and interpleader were made directing the execution by the trustee of reconveyances and the delivery thereof to the trustors for said 480 separate parcels of real property. Thereby the true owners of said parcels of real property acquired merchantable titles, duly insurable by title insurance companies authorized by the Insurance Department of the State of California to issue title insurance on real property within the State of California without further involvement in the litigation then pending between many other parties. That in lieu of the obligations of the deeds of trust upon such separate parcels of real property, by said several judgments and orders, there remained on deposit in the registry of this court, said funds of $1,641,037.96, subject to the claims of the various parties.

That the names of such intervenors and interpleaders, and other data are listed and described and included in said schedule among those identified as "paid", and the number of separate parcels of real property involved, the dates of filing of their complaints in intervention, the dates of the orders granting the relief sought, the amounts of money deposited in the registry of the court, and the date of such deposit, are separately described as follows:

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Home Investment Co. | 174 | 7- 1-46 | 7-13-46 | $ 776,832.24 | 7-20-46 |
| Michael J. O'Rourke | 1 | 9-26-46 | 10- 7-46 | 3,492.59 | 10- 8-46 |
| Dorothy V. & Theodore D. King | 1 | 10-24-46 | 11-18-46 | 2,761.70 | 11-29-46 |
| Eric & Ida C. Flodine | 1 | 10-29-46 | 11-21-46 | 2,538.16 | 4-22-47 |
|  |  |  |  | 210.00 | 1-27-47 |
| Katherine A. Ball | 1 | 11-13-46 | 11-18-46 | 2,416.64 | 1-15-47 |
| Flavy R. Miller | 1 | 11-13-46 | 11-18-46 | 3,423.21 | 12-23-46 |
| Carl C. Sleek | 1 | 1- 7-47 | 1-20-47 | 2,589.04 | 2- 8-47 |
|  |  |  |  | 210.00 | 2- 4-47 |
| Dorothy Pace | 1 | 1- 8-47 | 1-20-47 | 1,549.25 | 2- 8-47 |
|  |  |  |  | 108.00 | 2- 4-47 |
| Eric & Ida C. Flodine |  | 1-16-47 | 2- 3-47 | (Withdrawn) |  |
| Sequoia Investment Co. | 1 | 1-22-47 | 1-22-47 | 717.52 | 1-22-47 |
| Irwin W. Moore | 1 | 1-31-47 | 3-10-47 | 7,191.84 | 4- 9-47 |
| Lloyd C. Leedom | 6 | 1-31-47 | 3-10-47 | 26,534.07 | 4- 4-47 |
|  |  |  |  | 1,827.17 | 3-28-47 |
|  |  |  |  | 1,111.46 | 2-17-47 |

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Mary McGarvey & F. K. Metzenthin | 1 | 2- 4-47 | 2-10-47 | 292.30 | 2-13-47 |
| Eric & Ida C. Flodine | 4 | 2-28-47 | 3-31-47 | 33.85 | 8- 8-47 |
| | | | | 10.00 | 4-23-47 |
| | | | | 12,153.53 | 4- 9-47 |
| Ellis E. & Naomi B. Cook | 1 | 3- 6-47 | 3-31-47 | 1,579.15 | 5-15-47 |
| R. G. Trigg | 76 | 4- 9-47 | 5-26-47 | 127,798.80 | 8-12-47 |
| | | | | 8,800.00 | 6- 9-47 |
| C. J. & Marion E. Jones | 6 | 4- 9-47 | 5-26-47 | 9,972.01 | 7-15-47 |
| | | | | 291.90 | 6- 9-47 |
| C. J. & Marion E. Jones (Blanket) | 1 | 4- 9-47 | 5-26-47 | 51,785.67 | 8-12-47 |
| | | | | 6,250.00 | 6- 9-47 |
| C. S. Jones | 97 | 4- 9-47 | 5-26-47 | 137,361.08 | 8-12-47 |
| | | | | 11,800.00 | 6- 9-47 |
| Alva H. & Helen K. Remington | 1 | 4-11-47 | 6- 2-47 | 1,724.29 | 6-26-47 |
| | | | | 59.70 | 6- 9-47 |
| Virgil E. & Willie Ward | 1 | 4-14-47 | 6- 2-47 | 1,099.84 | 6-30-47 |
| | | | | 18.00 | 6-18-47 |
| | | | | 379.43 | 6-12-47 |
| R. C. & Marguerite C. Johnson | 3 | 4-18-47 | 6- 2-47 | 5,106.43 | 9-30-47 |
| | | | | 865.00 | 6- 9-47 |
| Vernon V. & Gladys T. Van Meter | 1 | 5- 5-47 | 5-26-47 | 2,219.82 | 6- 4-47 |
| | | | | 88.15 | 6- 4-47 |
| Arthur LaRue & Ethel M. Sherman | 1 | 5- 5-47 | 5-26-47 | 3,412.07 | 6-17-47 |
| Raymond LaMarr | 1 | 5- 5-47 | 5-26-47 | 4,092.09 | 6-17-47 |
| | | | | 296.40 | 6- 4-47 |
| | | | | 115.52 | 6- 4-47 |
| Wm. A. & Fay O. Branum | 1 | 5- 5-47 | 5-26-47 | 3,038.20 | 6-24-47 |
| | | | | 270.00 | 6- 4-47 |
| Ira & Alberta Beasley | 1 | 5- 5-47 | 5-26-47 | 543.39 | 5-29-47 |
| | | | | 156.00 | 5-28-47 |
| Robert P. & Helen S. Collins | 1 | 5- 5-47 | 5-26-47 | 2,067.49 | 6-24-47 |
| | | | | 295.00 | 6- 4-47 |
| Sunset Service Co. & D. L. Severn | 4 | 5-23-47 | 6- 9-47 | 14,979.99 | 8- 4-47 |
| D. L. Severn and Bessie M. Severn | 2 | 5-23-47 | 6- 9-47 | 2,929.75 | 8- 4-47 |
| | | | | 50.00 | 7- 1-47 |
| Robert L. & Grace E. Slaughter | 1 | 5-23-47 | 6- 9-47 | 2,074.67 | 8- 1-47 |
| | | | | 193.53 | 7- 1-47 |
| W. B. & Edna L. Blumer | 1 | 5-23-47 | 6- 9-47 | 2.50 | 7- 2-47 |
| | | | | 2,299.89 | 7- 1-47 |
| Irvy J. & Vera M. Schloe | 1 | 6- 4-47 | 6-16-47 | 1,783.57 | 8- 7-47 |
| | | | | 300.00 | 7- 1-47 |

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Wm. H. & Frances L. Wagoner | 1 | 6- 5-47 | 6-16-47 | 3,296.18 | 9- 5-47 |
|  |  |  |  | 263.77 | 7- 1-47 |
| Harold C. and Blanche Englestad | 1 | 6- 5-47 | 6-16-47 | 4,328.21 | 8-13-47 |
|  |  |  |  | 332.54 | 7- 1-47 |
| John M. & Arba F. Schoonover | 1 | 6- 5-47 | 6-16-47 | 2,019.86 | 7-31-47 |
|  |  |  |  | 240.00 | 7- 1-47 |
| James & Audie Gregory | 1 | 6-16-47 | 6-16-47 | 1,194.41 | 7- 8-47 |
|  |  |  |  | 219.00 | 7- 1-47 |
| Sydney G. & L. S. Rose | 1 | 6-17-47 | (Withdrawn) |  |  |
| *Owen D. and Ruby M. Fields | 1 | 6-23-47 | 11- 3-47 | 2.50 | 1- 6-47 |
|  |  |  |  | 3,510.34 | 12-17-47 |
| *Marguerite C. Johnson | 1 | 6-25-47 | 7- 7-47 | 1,699.38 | 12-15-47 |
|  |  |  |  | 10,572.00 | 9-30-47 |
| *W. H. & Anna Mace | 5 | 6-26-47 | 11- 3-47 | 7.50 | 12-20-47 |
|  |  |  |  | 13,519.12 | 12-15-47 |
| J. B. Harrell | 1 | 6-26-47 | 11- 3-47 | 1,195.69 | 1-22-48 |
|  |  |  |  | 252.00 | 12-15-47 |
| *Nathan D. & Grace M. Ricks | 1 | 6-26-47 | 11- 3-47 | 2,053.81 | 1- 9-48 |
|  |  |  |  | 279.83 | 12-15-47 |
| Lawrence R. & Donna D. Jones | 1 | 8-15-47 | 11- 3-47 | 1,986.53 | 1-22-48 |
|  |  |  |  | 325.00 | 12-15-47 |
| Ralph W. & Helen Thomas | 1 | 8-15-47 | 11- 3-47 | 3,363.53 | 1-12-48 |
| Glen E. & Theresa Emerson | 1 | 8-29-47 | 11- 3-47 | (Withdrawn) |  |
| *Clayton T. & Melba B. Hobba | 1 | 9-22-47 | 11- 3-47 | 3,225.12 | 1-29-48 |
|  |  |  |  | 476.32 | 12-17-47 |
| *Ethel A. Cameron | 1 | 10-10-47 | 11- 3-47 | 6,843.46 | 1- 5-48 |
|  |  |  |  | 534.71 | 12-15-47 |
| Wrigley Heights, Inc. |  | 10-28-47 | 11- 3-47 | 60,956.23 | 1- 9-48 |
|  |  |  |  | 156.52 | 1- 9-48 |
|  |  |  |  | 22,934.90 | 12-22-47 |
| Wrigley Heights, Second Inc. | 65 | 10-28-47 | 11- 3-47 | 187,862.47 | 1- 9-48 |
|  |  |  |  | 53,181.94 | 12-22-47 |
| Helen M. Wolfe | 1 | 10-28-47 | 10-28-47 | 2,007.50 | 10-28-47 |
|  | 480 |  |  | $1,641,037.96 |  |

* All interventions marked with * were appealed from by defendants Home Loan Bank Board and/or their agents. The notice of appeals to the United States Ninth Circuit Court of Appeals was filed 12-26-47. Said appeals were dismissed without hearing thereon on 4-19-48.

That each and all of such interventions was an interpleader into the registry of this court by one or more trustor-borrowers from said association, of money, the balance owing on the notes and deeds of trust upon the homes or real properties of said borrowers, which said notes and deeds of trust were owned by said Long Beach Association, and had come into the possession of defendant Ammann when he seized said association. Some or all of said notes and deeds of trust had been assigned by said defendant Ammann to said San Francisco Bank.

18. Possession by Plaintiff San Francisco Bank on March 13, 1948 of U. S. Government Bonds and Their Attached Coupons, and Notes and Trust Deeds.

That on March 13, 1948, plaintiff San Francisco Bank had in its possession $5,300,000 par value of U. S. Government bonds, maturity date, serial number, interest rate, and interest coupon attached, as follows:

| Description | Maturity | Int. Rate | Serial Numbers | Denomination | Amount |
|---|---|---|---|---|---|
| U. S. Treas. | 12-15/62-59 | 2¼ | 1912, 1913, 1914, 1915, 1916, 1917, 1918, 1919, 1920, 1921, 1922, 1923, 1924, 1925, 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, 1935, 2077, 2078, | $100,000 | $2,600,000 |
| | | | 84380, 84345, | 10,000 | 20,000 |
| U. S. Treas. | 6-15/72-67 | 2½ | 74797, 20476, 20477, 20478, 20479, | 10,000 | 50,000 |
| | | | 7564, 10391, 27972, 27973, 30175, 30176, 26634, 22235, 7559, 8462, 16015, 16016, | 100,000 | 1,200,000 |
| U. S. Treas. | 12-15/72-67 | 2½ | 18485, 18486, 60859, 60860, 62487, | 10,000 | 50,000 |
| | | | 50757 | 100,000 | 100,000 |
| U. S. Treas. | 12-15/72-67 | 2½ | 208876, 208877, 208878, 208879, 208880, | 10,000 | 50,000 |
| | | | 52982, 52983, 52984, 52985, 52986, 52987, 52988, | 100,000 | 700,000 |
| U. S. Treas. | 12-15/72-67 | 2½ | 88404, 177089, 177090 | 10,000 | 30,000 |
| | | | 53218, 53219, 53220, 53221, 53222 | 100,000 | 500,000 |
| | | | | | $5,300,000 |

All interest coupons, June 15, 1948 and subsequent, attached.

Said $5,300,000 in par value of U. S. Government bearer bonds were, and are, either bonds originally owned by said defendant Long Beach Federal Savings and Loan Association, prior to the said seizure of said association by said Ammann on May 20, 1946, or the proceeds of bonds so owned resulting from sale, exchange, or transfer thereof by cross-defendant Ammann and/or plaintiff San Francisco Bank.

Said original bonds of said Association came into the possession of plaintiff San Francisco Bank on or about March 29, 1946, when said San Francisco Bank seized physical possession of all of the assets, premises, property and business, of said Los Angeles Bank.

Said plaintiff San Francisco Bank, on March 13th, 1948, also had in its posses-

sion all of the original notes and deeds of trust listed and described on schedule pages 1 to 66 inc. hereof. Said plaintiff Bank had also in its possession, and previous to January 24, 1948 had returned to cross-defendant Ammann, while in possession and operation of said Association as aforesaid, the original notes and deeds of trust identified on schedule pages 67 to 121 hereof as "assigned."

19. Making of U. S. Court Order of March 13, 1948, Requiring Deposit Into Court of U. S. Bonds, Notes and Trust Deeds.

That on March 13, 1948, in actions Nos. 5421–5678, this Court made its "Order Requiring Deposit of Certain Notes, Deeds of Trust, U. S. Government Bonds and Other Collateral Held By the Federal Home Loan Bank of San Francisco." That said order, by its terms, required said plaintiff Bank to deliver to the Clerk, and deposit in the registry of this Court, said original notes and deeds of trust, and said U. S. Government bonds with interest coupons attached.

That said order was complied with by said San [25] Francisco Bank, and the 2,400 original notes and their accompanying trust deeds then in its possession, as mentioned in subparagraph (c) of heading No. 3 hereof, and listed and described in detail on schedule pages 1 to 66 inc. thereof, and identified on said schedule as "assigned," and the U. S. Government bearer bonds above listed and described, with attached interest coupons, were delivered and surrendered by said plaintiff San Francisco Bank to said Clerk of this Court, and into the registry thereof, in said action Nos. 5421–5678.

20. Making of U. S. Court Order of March 26, 1948, Returning to Long Beach Federal Savings and Loan Association. of· Notes and Trust Deeds.

That thereafter, on March 26, 1948, this Court in action Nos. 5421–5678, made its "Order For Delivery Of Notes And Trust Deeds (Excess Collateral) From Clerk of Court To Long Beach Federal Savings and Loan Association."

That said order by its terms required the Clerk of this Court to deliver from the registry of the Court, and into the possession of defendant Long Beach Federal Savings and Loan Association, through its duly elected officers and directors, each of the original notes and their accompanying trust deeds, then in the possession of San Francisco Bank on March 13, 1948 as hereinafter listed and described on schedule pages 1 to 66 hereof. Said Order of Court was complied with by said Clerk, and said original notes and deeds of trust were so delivered by said Clerk to said Association.

That said orders of March 13, and March 26, 1948, by their terms, expressly provided that they were without prejudice to decision of, or affecting the rights of, the various parties thereto, except that all liens or claims of liens were cancelled and removed from said original notes and deeds of trust, all endorsements thereon were cancelled and nullified, and all trustees [26] under said deed of trust were directed to reconvey the same upon the sole order and direction of defendant Long Beach Federal Savings and Loan Association.

21. Transfer of Plaintiff San Francisco Bank's Lien from Homeowners' Notes and Trust Deeds to Bonds and Cash in Court.

The liens, claims and charges, if any, thus removed, were transferred from said original notes and deeds of trust, described in said schedule, and were transferred to, and placed upon, the said $5,300,000 U. S. Government bonds, attached interest coupons, and an additional sum of approximately $1,000,000 from the money then on deposit in the registry of said Court, sufficient, together with said bonds and coupons, to equal the total amount of the claims and demands of said plaintiff Bank upon the said four notes in the face amount of $6,300,000.

**22. Plaintiff San Francisco Bank Commenced Action in California State Court on Said $6,300,000 Notes to Foreclose Upon Bonds and Cash in U. S. Court, and Homeowners' Notes and Trust Deeds, Whether Paid in Full or Not.**

That on or about March 27, 1952, plaintiff San Francisco Bank filed its complaint in the within action in the Superior Court of the State of California, in and for the County of Los Angeles, said action being numbered in said State Court No. 597402.

That such action is in five counts and, among other things, prays judgment for $6,300,000 alleged principal and interest on four promissory notes, Exhibits "A" to "D" of said complaint, of the establishment of a lien upon, and foreclosure of said lien upon, the said notes and deeds of trust in said schedule, and of said U. S. Government bonds and attached interest coupons previously herein described.

[27] That said plaintiff Bank's foreclosure action complaint reads in part as follows (page 7, lines 11 to 21):

"That said defendant assigned, delivered and pledged to plaintiff * * * promissory notes secured by mortgages or deeds of trust on real property * * * as security for the repayment of said sums advanced and loaned to said defendant by said plaintiff * * * That by reason of said assignments and pledges said plaintiff became, ever since has been and still is the owner and holder of a lien upon all said pledged and assigned property."

The complaint prays judgment, (page 12, line 11):

"For judgment foreclosing its aforesaid liens in the manner as provided by law; * * *."

That by said complaint, plaintiff Federal Home Loan Bank of San Francisco, sought to foreclose, as of prior to March 13th, 1948, a claimed lien upon all the notes and the deeds of trust, all money paid thereon by the borrowers, and the legal title to the several thousand separate parcels of real property of the homeowner-borrowers, covered by said notes and deeds of trust, as listed and described in the said schedule hereto attached; that at the time of the filing the within complaint several thousand of said notes and deeds of trust had been paid in full and releases and reconveyances given thereon; and, that the borrowers on those notes and their accompanying trust deeds, set forth in said schedule which were not paid in full prior to the filing of said complaint, were continuing to pay installment payments, monthly or otherwise, which payments become, or will become, due under the terms of the notes and trust deeds to Long Beach Federal Savings and Loan Association.

That by such assertion in said complaint of ownership of the claimed lien upon all of the notes and trust deeds set forth in said schedule, the San Francisco Bank thereby clouded the title to each and every parcel of property upon which the notes had, or prior to date of judgment on the merits herein on issues not decided hereby will have been, paid in full, and the trust deeds discharged and [28] released, and reconveyances issued, and clouded the titles to those which had not been paid in full, but upon which payments had been made, and clouded the title of the trustee under each of said deeds of trust, and the right of such trustee to execute, and to have executed, releases and reconveyances to the trustor upon payment in full of said notes and trust deeds, and clouded the title to the validity of the requests for reconveyances in the possession of said trustee, and clouded the right and title of all of the money paid by the payors and trustors on said notes and their accompanying trust deeds, to and received by Long Beach Association and/or Ammann, as hereinbefore set forth.

That said assertions of right contained in the complaint of San Francisco Bank herein are more than mere pretentions, but are assertions of a posi-

tive right, and if San Francisco Bank were held to prevail therein, as to its claim of lien upon said notes and trust deeds and the properties covered thereby, or monies paid thereon, it would result in an almost indescribable multiplicity of suits to quiet title, or for other relief, against numerous parties, involving 4,236 notes and their accompanying trust deeds on 3,944 separate parcels of property, which notes and trust deeds were executed by approximately 8,000 persons.

That in the event the San Francisco Bank should prevail on the claims of lien on said notes and trust deeds, and the properties covered thereby, as claimed in their complaint, the right and title of Long Beach Association to the notes and trust deeds listed in said schedule, and the right of Long Beach Association to receive the money paid to it by the borrower-trustors, as hereinelsewhere set forth, and to execute releases and requests for reconveyance on said trust deeds and notes, and the right of the trustee Title Service Company in each of said trust deeds and notes to execute and deliver reconveyances subsequent to March 13, 1948, would be invalidated, and the validity of each of the [29] reconveyances executed by the trustee, and now being executed by the trustee in the course of business of Long Beach Association, would be brought in question and would, or might, require separate suits to quiet title or for other relief, in order to settle the same, which suits would, or might, involve approximately 8,000 persons who had executed said trust deeds and notes covering approximately 4,000 separate parcels of property, many of which, since the date of reconveyance of legal title by said trustee, have been sold, transferred, or otherwise conveyed or encumbered by the trustors, who were the owners of such property at the time of the release and reconveyance of the notes and trust deeds, which would in turn require that such succeeding purchasers, owners, and holders, of such parcels be also made parties to any such suit.

That from time to time in various briefs and statements in Court, counsel for San Francisco Bank have, contrary to the allegations contained in its complaint, disclaimed any desire to foreclose on said notes and their accompanying trust deeds and the legal titles involved therein, but that subsequent thereto counsel for San Francisco Bank, notwithstanding such previous statements, have asserted in open Court:

"We state we stand on our complaint as it is filed * * *."

and

"It is the position of the San Francisco Bank that they are entitled to have full security for their $6,300,000, plus all interest due thereon, exactly as they had it at the time the money and the bonds and the notes and deeds of trust were taken from the possession of the San Francisco Bank and placed in the registry of the court. * *."

### 23. Removal of the Within Action to U. S. Court.

That subsequent to the filing of said complaint in said California State Court, this action was duly removed from [30] said State Court to this Federal Court by defendant therein, Long Beach Federal Savings and Loan Association. That upon such removal, this action became numbered herein No. 13979–P.H. That remand of this action from this Federal to said State Court was denied by this Court by Memorandum Opinion and Order dated May 27, 1953, the text of which is set forth as appendix C, at pages 125 to 128 of the typewritten Memorandum Opinion and Direction for Orders, etc., filed by this Court herein June 10th, 1954, 122 F.Supp. 401.

### 24. Defendant Home Loan Bank Board Approved San Francisco Bank's Foreclosure Action No. 13979.

That under applicable statutes, particularly Federal Home Loan Bank Act, Title 12 U.S.C.A. § 1432, and related sections, all actions by plaintiff Federal Home Loan Bank of San Francisco, in-

cluding its said foreclosure action herein, are required to be approved by Home Loan Bank Board, cross-defendant herein.

That said San Francisco Bank and said Home Loan Bank Board claim and maintain that such approval of such foreclosure has been given by said Home Loan Bank Board.

That one Mose Silverman, of counsel for said Home Loan Bank Board, testified in 1952, before this Court, that such approval to said San Francisco Bank's foreclosure action, had been given individually and officially by each of the then three Home Loan Bank Board members.

25. Disclaimer by Plaintiff San Francisco Bank Made to U. S. District Court in Foreclosure Action No. 13979.

That thereafter, on November 30th, 1953, plaintiff San Francisco Bank caused to be recorded in the official records of the County Recorder's Office of Los Angeles County, in Book 43263 at pages 416–417 of Official Records, a document entitled Disclaimer, referring to said notes and deeds of trust and properties covered thereby.

That thereafter, on January 18th, 1954, plaintiff [31] San Francisco Bank filed in the within case No. 13979–PH, said Disclaimer, executed and acknowledged by it, and previously recorded as aforesaid.

That the effective date of such disclaimer was, and is, the date upon which it was filed with this Court in this action No. 13979–PH, to-wit, January 18th, 1954.

That such disclaimer is set forth in full, except for the acknowledgment, on pages 21 and 22 of the typewritten Memorandum Opinion and Direction for Orders, etc., filed by this Court herein, on June 10th, 1954, 122 F.Supp. 401, to which reference is made for all further particulars.

26. Homeowners Make Payments on Their Homes in Reliance Upon U. S. Court Judgments and Plaintiff's Collection Agreements.

That each of the homeowner-borrowers on the notes and trust deeds (approximately 8,000 individuals) listed on said schedule, or their predecessors or successors in interest, have made monthly, or other, installment payments and/or payments in full, upon their respective notes and deeds of trust. That such payments were made, or caused to be made, to the Clerk of this Court and into the Registry of this Court, and/or to defendant Long Beach Federal Savings and Loan Association, or said Ammann.

That such full or partial payments were so made both to said Ammann and/or said defendant Long Beach Association and to the Clerk of this Court, and were received by said Ammann and/or said Association, and acted upon by said Ammann and/or said Association and/or Title Service Company as trustee in reliance upon, or in compliance with, among other things:

(a) Order No. 388 of the Home Loan Bank Board dated January 17, 1948, rescinding Order No. 5254 of the Federal [32] Home Loan Bank Administration, directing and authorizing A. V. Ammann (and his deputies, agents, employees, and servants), to deliver all of the assets, records, and books, of any kind and nature, and of any description of said Long Beach Association to said Association, and to make a full and complete accounting for such assets and all liabilities of any and every kind and nature, and to file said Order and accounting with the United States District Court in Actions 5421–5678 of this Court (text of said Order found in Footnote 7, Mallonee v. Fahey, 14 F.R.D. 273, at page 285—except that Action 5421 is misprinted thereon as 5254).

(b) Previous judgments and orders of this Court in Actions Nos. 5421–5678, et al., in which appeals were taken, and dismissed, in several instances, and in the other instances from which no appeals

were ever taken. Said San Francisco Bank, and said Ammann and/or Bramley, were parties to said proceedings and actions, and to all or many of said orders. The fact that such orders were made and recognized, and conformed to, and not appealed from by the parties affected thereby, including said San Francisco Bank and Ammann and/or Bramley, is material, but the validity or invalidity of such judgments and orders is immaterial to the judgment herein provided.

(c) Upon the said collection agreements to which plaintiff and/or its predecessors were parties, heretofore referred to, by which said payments were expressly authorized to be made to, and to be collected and received by, said Ammann and/or said Long Beach Association respectively, which collection agreements have never been rescinded, revoked, cancelled, set aside, or modified San Francisco Bank by its complaint herein relies upon the said collection agreements, and such reliance, and the execution [33] thereof by said San Francisco Bank and/or its predecessors, are material.

(d) The course of conduct of San Francisco Bank, Ammann and Bramley, as above and hereinelsewhere set forth, and in complying with the orders of March 13th, 1948, and March 26th, 1948, in actions Nos. 5421–5678, which orders required and resulted in the delivery to Long Beach Association of all of the notes and trust deeds which were, on March 13th, 1948, in the possession of San Francisco Bank, and held by them as claimed collateral security on the notes attached to plaintiff's complaint herein, and which notes and trust deeds are among those specifically identified in the attached schedule, pages 1 to 121 hereof, and in failing to resist compliance with said orders, or either of them, by motions for rehearing, new trial, stay or appeal, and failing to make a motion to vacate until the expiration of more than one year after the effective date of said orders, (which motion to vacate was denied, and no motion for re-

hearing thereof or appeal was taken therefrom), and by not filing any proceedings in any court to collect on said notes attached to plaintiff's complaint herein, or foreclose their claimed lien until four years after the date of said orders in 1948.

That as a result of said judgments, orders, agreements, and course of conduct, each, every, and all of the obligor-trustors on the notes and trust deeds set forth and described in the schedule, and Title Service Company as trustee, and Long Beach Association as payee on said notes and beneficiary under said trust deeds, were entitled to, and could, and did, rely upon their right to quiet enjoyment in, and to, their respective interests and rights, and title, in, to, and under, said notes and trust deeds and the real property covered thereby.

27. Reliance by Homeowners, Their Successors, and Others, on Payments on Notes and Trust Deeds and Instruments Releasing and Clearing Same.

That each, every and all of the persons who were and/or are homeowner-obligors on the notes and trust deeds, and who or which paid or discharged the same in full, prior to January 18, 1954, listed and identified in said schedule as "paid" totalling approximately 6,000 and involving 3,043 separately owned parcels of real property, relied upon the payment and discharge in full of their obligations on and under said notes and trust deeds, and/or upon the separate individual releases and requests for reconveyance, and/or reconveyances given, and their rights to make such payments, and to receive such instruments to secure them, and each of them, and to receive a legal title to each separate parcel of property involved, free and clear of any and all rights, liabilities, duties or obligations, or possible claims, which are or might be asserted by anyone, arising out of, or on or in connection with, said notes and trust deeds; and thereafter dealt with the property as being free and clear thereof and therefrom, and that many

of them in the course of business, secured other loans upon their property, or sold the same to other persons who secured loans; that Long Beach Association, in reliance upon its actual or apparent right so to do, received the money from the payers and borrowers on said notes, and executed releases and requests for reconveyances; and that Title Service Company recognized said requests as legal and valid, and executed reconveyances in reliance upon the validity of such requests for same.

[34-a] That thus, in addition to the approximately 6,000 persons who paid their notes and trust deeds in full and did or did not receive releases and requests for reconveyance and/or reconveyances as aforesaid, all of the persons subsequently purchasing such properties or loaning money thereon, or on the security on said properties, title insurance companies, Title Service Company, and the trustees under subsequent notes and trust deeds, and the Long Beach Association, depended upon the right to make such payments to said Long Beach Federal Savings and Loan Association, its right to receive the same, and to execute releases and requests for reconveyance, and upon the right of Title Service Company to execute releases and reconveyances, as existing, valid, legal rights and acts, as of the time they were performed, exercised and/or executed; and that the enforcement of the claims of lien asserted as of prior to March 13th, 1948, by San Francisco Bank in its complaint herein, against and upon said notes and deeds of trust and the properties covered thereby set forth in said schedule, and the monies paid or received thereon, and acts performed pursuant to such payment, would ultimately require either separately negotiated contracts and releases for each of the several thousand notes and trust deeds on the several thousand separately owned parcels of property involved with the several thousand persons who were owners of such property at the time of payment of said notes and trust deeds, as well as their successors, title insurance companies issuing title insurance policies, those making subsequent loans upon said property and taking encumbrances therefor, or would require separate lawsuits to determine or quiet the titles as to each parcel of property.

28. Defendant Long Beach Federal's Offer to do Equity.

That plaintiff San Francisco Bank has, on two separate occasions, in March of 1948 and in January of 1954, rejected offers (entitled tenders) made by defendant Long Beach Association, to deposit in court, in lieu and instead of all other property claimed by said San Francisco Bank as collateral security, in one instance to deposit in court in Action 5421 approximately $6,300,000, and in the second instance, deposit in court in the within action in excess of $7,000,000, subject to final adjudication of the respective rights of San Francisco Bank and Long Beach Association under the notes attached to plaintiff's complaint herein.

29. Judgments Herein Provided Will Not Affect or Impair Security to San Francisco Bank on Conservator's Notes.

That such offers were made in the form of cashier's checks, cash, and/or U. S. Government bonds. That by such offers said defendant association has done, and continues to offer to do, full and complete equity, and by the terms hereof, and/or of other proceedings had and/or orders made in the within action, plaintiff San Francisco Bank is given full, adequate and complete security, by cash and/or U. S. Government bonds, for the total maximum amount of any possible claims, suits, charge, or liabilities by it, against said defendant association, which exist or may arise under the claims of the San Francisco Bank in the within action.

30. Requests for Reconveyances Are Property.

That all of the releases and requests for reconveyances executed by defendant Long Beach Federal Savings and Loan

Association, and by cross-defendant Ammann, acting under Federal Home Loan Bank Administration Order No. 5254, or otherwise, prior to January 18th, 1954, on the notes and their accompanying trust deeds set forth in said schedule were, and each of them is, property, within the meaning and terms and provisions of the California Civil Code, Sections 14, [36] 654, 655, 658, 663, 953, and 954, and otherwise.

That all requests for reconveyances held by cross-defendant Title Service Company, are directed to it, have been delivered to it, and are owned by it.

### 31. Reconveyances Are Property.

That each and all reconveyances issued prior to January 18th, 1954, and delivered by it to the respective parties receiving them, were, and are, property, as defined under the terms and provisions of said California Civil Code, Sections 14, 654, 655, 658, 663, 953, and 954, and otherwise, and are owned by, and held by the respective grantees thereof and/or their successors in interest.

### 32. Money Received by Long Beach Association on Notes Is Property.

That as set forth in subparagraph 3 (k) heading 3 heretofore, defendant Long Beach Association received the sum of $13,493,185.32 as partial and/or full payment upon the notes and deeds of trust listed on said schedule. Except for the sum of $1,641,037.96 deposited in court in Actions 5421–5678 as hereinbefore set forth, said money has necessarily been used by said association in the conduct of its business, has been commingled with other monies, assets and properties of said association, and has been invested and/or loaned to numerous persons, and Long Beach Association has not segregated or kept such money separate and apart from its other general assets, so that it would be impossible to now segregate or identify it, or any portion of it, and it is, and would be inequitable, unjust and impossible, to attempt to segregate or identify it, or any portion thereof, so as to make any specific lien upon it, as claimed by plaintiff San Francisco Bank in its complaint on file herein.

That said money is property as defined in the California Civil Code Sections, and is owned by said defendant [37] Long Beach Association, and it or its fruits is held by said defendant association, except the sum of $1,641,037.96 deposited in court in Actions 5421–5678 as hereinbefore set forth, and as hereinelsewhere set forth the title to said last mentioned sum is not herein quieted as against the claims of San Francisco Bank in its complaint on file herein.

### 33. Long Beach Association's Interest as Holder and Payee of Notes and Beneficiary of Trust Deeds Is Property.

That defendant Long Beach Association is the holder-payee of each of the notes and the beneficiary of each of the notes and deeds of trust listed in said schedule.

That each of said notes and deeds of trust identified on said schedule as "unpaid" and the ownership of said association therein, is, and all of them are property within the definition and meaning of the California Civil Code, Sections 14, 654, 655, 658, 663, 953 and 954 and otherwise. That the claims, actions, foreclosures, charges and demands, of plaintiff San Francisco Bank, are directed at, and appear to, and do, affect the ownership of, said property by said association.

### 34. Class Action.

That the class of homeowner-borrowers, trustors under the said notes and deeds of trust listed on schedule pages 1 to 121 hereof, whose respective titles to their homes and real property, are quieted hereby, are so numerous as to render it impracticable, if not impossible, to bring them all individually before this Court. That they comprise approximately 8,000 individuals (two, usually husband and wife for each separate home), owners of their respective homes and real property described in said deeds of trust.

**35. Home Investment Company is Proper Representative of Those Class of Homeowners-Trustors Who Have Paid in Full.**

[38] That cross-defendant Home Investment Company, in June, 1946, initiated the first of the more than 50 separate interpleader-interventions (listed in heading No. 17 hereof) on behalf of itself as to the 174 real properties listed in its complaint in intervention, in actions 5421–5678. That in order to secure the clearing of its titles to said real properties and to obtain title insurance thereon from reputable title insurance companies so as to make such properties saleable and merchantable, it was necessary for said Home Investment Company to, and it did, execute and deliver an agreement to indemnify and hold harmless the Title Insurance and Trust Company, one of the leading title insurance companies of Los Angeles County, California, in consideration of the issuance by said title company of policies of title insurance, which said agreement is still in full force and effect.

That in fulfillment of the obligations imposed by California law upon the grantor under a grant deed, it was lawful and proper for, and cross-defendant Home Investment Company did, participate in the various phases of said actions 5421–5678, and for said Home Investment Company to, and it did, become a party to this Action No. 13979, and to make its motions for summary judgment.

That as heretofore found in subparagraph (g), heading 3, and hereinelsewhere, 3,043 of the notes and their accompanying trust deeds, listed in said schedule, were paid in full prior to January 18th, 1954 and are identified thereon as "paid"; that the approximate number of persons signing said notes and trust deeds was 6000 separate individuals; that the character of the rights sought to be enforced by the complaint of the San Francisco Bank in the within action is several as between the San Francisco Bank and each of the separate trustors as to each separate parcel of property covered by the trust deeds securing said notes; that the subject of the within action [39] requires adjudication of claims which do, or may affect the several thousand separate and specific parcels of real property involved in the within action by notes and deeds of trust thereon upon which San Francisco Bank claims a lien as of prior to March 13th, 1948, by its complaint in this action; that there is a common question of law and fact affecting such rights; that common relief is sought as against each and all of said persons and properties, viz. the right of San Francisco Bank to take in satisfaction of the lien claimed in its complaint herein, all the notes, trust deeds, and the title and interest of said persons in the several thousand parcels of real property covered by said notes and trust deeds, as of a date prior to the payment in full of said notes and trust deeds, and as of a date prior to the releases and requests for reconveyance by said Long Beach Association to said Title Service Company as trustee and prior to the execution by said Title Service Company as trustee of reconveyances to the trustors on each and all and every of said notes and trust deeds paid prior to January 18, 1954, of all rights existing, or which may exist, under said trust deeds and notes; that said persons and their successors in interest (in excess of 6,000 in number) (who executed the notes and trust deeds set forth in said schedule and identified thereon as "paid") constitute a class within the terms of Rule 23, Fed.Rules Civ.Proc. 28 U.S.C.A., so numerous as to make it impractical to bring them all before the Court, either in this action, or separate actions, by each of the owners or their respective successors in interest of, or in, said several thousand separate parcels of property; and that Home Investment Company is one of said class, and by proceedings and actions taken by it herein and otherwise, has, and does, fairly, insure the adequate representation of all of said class, and each and every

member of said class, insofar as the relief granted herein is concerned. [40]

36. Title Service Company and Long Beach Federal Are Proper Representatives of Those of Class of Homeowners Who Have Made Partial (but Not Full) Payments on Their Homes.

That as heretofore found in subparagraph (1) heading 3 and elsewhere herein, 1,193 of the notes and their accompanying trust deeds, identified in said schedule as "unpaid", had unpaid balances due thereon as of January 18th, 1954; that there were approximately 2,-386 persons who signed said notes and their accompanying trust deeds; that said persons are so numerous as to make it impractical to bring them all before the Court; that the character of the rights sought to be enforced by the complaint of San Francisco Bank against each member of said class is several, as between San Francisco Bank and each obligor-trustor on said notes and deeds of trust; that the subject of the action is the adjudication of claims which do, or may, affect specific property involved in the within action, *videlicit*; said 1,-193 notes and trust deeds identified in said schedule as "unpaid upon which San Francisco Bank, by its complaint herein, claims a right of lien as of prior to March 13, 1948; that there is a common question of law and fact affecting such several rights; that common relief is sought against each and every of said persons, so that each, every, and all of said persons constitute a class within the meaning of the terms of Rule 23, F.R.C.P., so as to make it impractical to bring them all before the Court, either in this action, or in separate actions by each of said obligor-trustors or their successors; that the cross-defendant Title Service Company and Long Beach Federal Savings and Loan Association, under the terms of the notes and deeds of trust set forth in said schedule had the right and duty, and it was proper and lawful for each of them to appear in the within action, and to become a party thereto, and to make the motions [41] for summary judgment for and on behalf of, and as a representative of, the above described class of persons who are signers of notes and deeds of trust identified on said schedule as "unpaid"; that Title Service Company holding the legal title to the real property on said trust deeds and notes identified as "unpaid" has an interest in such real property; that Long Beach Association, as beneficiary under said notes and trust deeds identified as "unpaid" has a contingent interest in such real property; that each and every obligor-trustor on said notes identified as "unpaid", the Title Service Company and Long Beach Association, while possessing different and possible adverse interests as between each other, nevertheless have a common right and interest as a member of a class, as against the claims and demands by the San Francisco Bank asserted in its complaint herein, of and concerning its claim of lien to said notes and trust deeds and the real property covered thereby; that both Title Service Company and Long Beach Association are members of said class; that both Title Service Company and Long Beach Association by the third cause of action of each of their respective cross-claims herein, and by the proceedings and actions taken by each and both of them herein, and otherwise, fairly insures that each and both, has, does, and will adequately represent all of said class, and each and every member thereof, insofar as the relief granted herein is concerned.

37. No Collusive Action.

None of said representatives of said classes described in headings 35 and 36 hereof acted collusively in this action, nor in the defenses thereof, against the foreclosures sought herein by plaintiff San Francisco Bank.

None of the relief sought herein by said class representatives, or any of them, was or could have been, granted or obtained by any administrative agency or bureau, process, or remedy.

[42]

### 38. No Genuine Issue of Any Material Fact.

That there is no genuine issue as to any material fact, as to any fact found herein, or as to any material fact necessary to support the within judgment.

### 39. Plaintiff San Francisco Bank Should Be Secured By Bonds and Money in Court, if Title Is Quieted Against Said Bank.

That it would be inequitable and unjust to quiet the titles herein quieted against plaintiff San Francisco Bank, unless said Bank were completely and adequately secured by U. S. Government bonds on deposit in Court, or other property and money in an amount sufficient to satisfy all claims and liabilities asserted in its complaint on file herein, in place, and in lieu, and instead, of the real and personal properties, title to which is herein quieted.

That by orders made herein and/or in action 5421, said San Francisco Bank is so secured by the substitution of U. S. Government bonds, and their attached coupons, and/or money in a sufficient sum to satisfy all claims made by said San Francisco Bank, arising out of the subject matter of the within action.

### 40. Unnecessary Multiplicity of Court Actions and Proceedings.

That unless this Court of Equity grant the equitable relief herein contained, of bill of peace and/or quiet title, and the injunctions herein contained, there will be an overwhelming wasteful and unnecessary multiplicity and duplication of actions, suits and proceedings, all involving the identical principal parties to the within action, and thousands of others, and insofar as the judgments herein provided is concerned, would involve identical issues of fact and law (which ought to be, can, and are, set at rest by the judgment herein provided), and causing a wasteful, useless, and unnecessary overlapping, duplication, and expenditure of [43] time, money and effort by all the parties concerned, to the grave, irreparable and continuing injury, cost and damage of all parties concerned, plaintiffs, defendants, and others.

That within the last few weeks, there have been removed to this Court from the Superior Court in the County of Los Angeles, in the various departments thereof, Santa Monica, Compton, Los Angeles, California, etc., five new separate actions, each by different plaintiffs, claiming to be homeowner-borrowers from defendant Long Beach Association, seeking damages, attorney's fees, costs, expenses, specific performance, and similar matters concerning the titles to their individual properties.

That the documents in each of the files of said five actions disclose that said title disputes involve dealings or transactions of cross-defendant Ammann, while in possession and operation of said Association as aforesaid, or otherwise, of and concerning various contracts, or alleged contracts, involving, among other things, titles to real properties.

That under the facts and circumstances as herein found to be true, equity requires this Court to grant the relief and judgment herein provided. Such relief and judgment removes said approximately 8,000 persons, who were, or are, obligor-trustors on the notes and trust deeds listed in said schedule attached hereto, and who have paid, or caused to be paid, in full or partially, the amounts due prior to January 18th, 1954, from the morass of litigation between others, which concerns and affects the rights and properties of said obligor-trustors, and quiets and clears the titles to the several thousand separate parcels of real property covered by said notes and trust deeds from claims, rights, liens, titles and/or pretentions thereof, which have been, or may be, asserted by any of the parties against whom, or which, judgment is herein provided insofar as said judgment goes. Such relief and judgment also removes all claims of lien, right, title, and pretentions thereof, arising, or claims to arise, by San [44] Francisco Bank.

and/or said Ammann and/or said Bramley, under the facts and circumstances herein found to be true, which cloud and make uncertain the rights, titles, duties, property, and obligations, of Title Service Company as trustee, and Long Beach Association as payee and beneficiary, of, on, and concerning, or arising from, the notes and trust deeds described in said schedule, and their respective dealings and transactions of, and concerning the same, and at the same time preserves all rights, claims of lien, and obligations, asserted by the San Francisco Bank to exist against the Long Beach Federal Savings and Loan Association under the allegations set forth in the complaint of the San Francisco Bank herein.

That unless the equitable relief herein contained be granted by this Court, it appears probable and likely that many similar individual separate actions will, or may be, filed or commenced. That to permit such multiplicity of actions to occur would be a repetition of the circumstances held by the Court of Appeals for the 9th Circuit, in the case of: Yuba Consol. Gold Fields v. Kilkeary, 1953, 206 F.2d 884, to justify equitable interpositions by way of bill of peace, or otherwise, by the Federal Courts.

### 41. Final Judgment Under 54(b), F.R.C.P.

Plaintiff's complaint is in five separate counts. Various cross-claims, complaints in intervention, and similar defensive pleadings, also each involve three or more separate counts. The action is therefore one in which "more than one claim for relief is presented", by original complaint, by answer, and by cross-claims, etc.

The Court therefore hereby directs the entry of final judgment upon several, but less than all of said multiple claims.

[45] The Court hereby makes an express determination that there is no just reason for delay and also makes an express direction for the entry of the judgments herein contained as final and appealable judgments pursuant to Rule 54(b), F.R.C.P., and otherwise.

### 42. Facts in Court's Memorandum Opinion Again Found True.

All of the facts found in the memorandum opinion filed in this action by the Court on June 10th, 1954, 122 F. Supp. 401, not specifically herein found to be true, are incorporated herein by reference, found to be true, and made findings of fact herein.

### 43. Court Has Jurisdiction.

That this Court has jurisdiction of the parties and subject matter. All of the findings of fact which may be found in the conclusions of law herein, are hereby found to be true.

### [46] Conclusions of Law.

1. That the persons who are obligors or trustors on the notes and trust deeds on the attached schedule, which are identified as "paid," (who paid their notes in full, and received releases and reconveyances thereon prior to January 18th, 1954), and the successors in interest of, and each of them respectively, constitute a class within the meaning of Rule No. 23, F.R.C.P., so as to be, and they are, and each of them is, entitled to a quiet title judgment herein provided.

2. That Home Investment Company is one of said class described in paragraph 1 of these Conclusions of Law, and has, does, and will, fairly insure the adequate representation of all of said class and each and every member thereof, insofar as the relief provided herein is concerned.

3. That all of the obligor-trustors on the notes and trust deeds set forth on said schedule hereof, which are identified as "unpaid," and Title Service Company as holder of the legal title under said trust deeds, and Long Beach Association as payee on said notes and beneficiary under said trust deeds, constitute a class within the terms and provisions of Rule 23, F.R.C.P., so as to be, and they are, and each of them is, entitled to a quiet title judgment as herein provided.

4. That Title Service Company and Long Beach Federal Savings and Loan

Association are each one of said class described in paragraph 3 of these Conclusions of Law, and have, do, and will, fairly insure the adequate representation of all of said class, and each and every member thereof, insofar as the relief provided herein is concerned.

[46a] 5. That there is no just reason for delay, and as a matter of law, the parties are entitled to an express direction, which is hereby made, for the entry of the judgments herein provided, as final and appealable judgments pursuant to the terms and provisions of Rule 54(b), F.R.C.P.

[47] 6. That each, every, and all, of the conclusions of law set forth in the findings of fact, and in the Memorandum Opinion, filed in this action by the Court on June 10th, 1954, 122 F. Supp. 401, whether found specifically herein as conclusions of law or not, are herein again found to be conclusions of law and incorporated herein to the same force and effect, as if herein again fully and completely set forth.

7. That the claims and demands asserted and set forth in the complaint on file herein of the Federal Home Loan Bank of San Francisco are more than mere pretentions and have clouded, and do cloud, the titles of each of the respective trustors and their successors in interest, to each and every parcel of property covered by the notes and trust deeds set forth in said schedule, and cloud, confuse, and unsettle the properties, rights, duties, titles, liabilities and obligations, of said borrower-trustors, and of the Long Beach Federal Savings and Loan Association as payee on said notes and beneficiary under said trust deeds, and in, and to, the monies paid thereon, and received by said Long Beach Savings and Loan Association and/or Ammann, acting under Federal Home Loan Bank Administration Order No. 5254 and of Title Service Company as trustee under said notes and trust deeds on all requests for reconveyance which were received by it from said Long Beach Association and/or said Ammann prior to January 18th, 1954. That the legal effect of the execution by San Francisco Bank of the disclaimer filed herein January 18th, 1954, and the legal effect insofar as the relief granted by judgment herein is concerned of the collection agreements described in said findings of fact, and the course of conduct of all parties concerned, and the deposit in Court, whether in this case or otherwise, of sufficient U. S. Government bonds, their attached coupons and/or money sufficient [47a] to meet any claims and/or claims of liens and rights by the San Francisco Bank, which may, or can exist under its complaint on [48] file herein, for the collection of the notes in face of $6,300,000 (referred to as the conservator's notes) is, to estop said Ammann and/or Bramley (acting under or arising out of Federal Home Loan Bank Administration Order No. 5254), and said San Francisco Bank, from asserting any, and to eliminate from this litigation, all claims of lien or right and/or duties, and obligations in connection with the claims of San Francisco Bank in this action, involving the properties, rights, and titles, which are quieted by judgment herein; and, to make all of the notes and trust deeds described in said schedule, the real property covered thereby, the money paid thereon prior to January 18th, 1954 (except the sum of $1,641,037.96 deposited in Court as hereinelsewhere set forth), the reconveyances executed prior to that date, and the releases and requests for reconveyances upon which such reconveyances were granted, free and clear of any and all claims, rights, title, interest or pretentions of the same, by said Ammann and/or Bramley, acting or arising under, Federal Home Loan Bank Administration Order No. 5254, and also said Federal Home Loan Bank of San Francisco from claiming or asserting any and all rights and/or claims of lien, or otherwise thereon or thereto arising, or which may or might arise on, in, or under, or in connection with the claimed rights asserted by it in the within action.

8. That the legal effect of Order No. 388 of the Home Loan Bank Board re-

scinding Order No. 5254 of the Federal Home Loan Bank Administration, and directing the delivery of all of the assets, records, books, and property of any and every kind and nature to said Association, and to make a complete accounting by A. V. Ammann and/or his deputies, agents, servants, and employees, to said Association, for [49] all assets and liabilities of any and every nature pertaining to said Association was, and is to terminate as a matter of law all right, title, and interest if any, of said A. V. Ammann and/or his deputies, agents, servants, and employees, arising or existing under said Order 5254 to all of the property to which title is quieted as herein and in the Judgment hereon provided.

9. That Home Investment Company, as a member of the class of those who paid their notes, and discharged all obligations thereunder, and their accompanying trust deeds, prior to January 18th, 1954 (identified in said schedule as "paid"), on behalf of itself, and on behalf of said class (described in paragraph 1 of these Conclusions of Law), and all, each, and every member thereof, and their respective successors in interest, hold, and are, and is entitled to hold, and are, and is entitled to a judgment quieting title to each and every respective parcel of real property covered by said notes and trust deeds, free and clear of, and from, any and all claims, liens, titles, ownerships, duties, obligations, charges, demands, or pretentions thereof, by said Ammann and/or Bramley, acting or arising under, Federal Home Loan Bank Administration Order No. 5254, and/or by said Federal Home Loan Bank of San Francisco arising out of or in connection with its claimed liens and rights asserted and claimed by it in the within action.

10. That cross-defendant Title Service Company, as trustee on each of the 3,944 deeds of trust listed on said schedule, and marked "paid," holds the releases and requests for reconveyance to each of the respective parcels of property covered by each of said respective trust deeds, made and delivered to it prior to January 18th, 1954, which releases and requests for reconveyance are, and each of them is, "property" under the terms and provisions of the [49-a] California Civil Code, and holds, and is entitled to hold, and is entitled to a judgment quieting title to them, and each of them, free and clear of any and all claims, liens, titles, ownership, charges, demands, liabilities, duties, obligations, or pretentions thereto by said cross-defendants Ammann and/or Bramley, acting or arising, under Federal Home Loan Bank Administration Order No. 5254, and said Federal Home Loan Bank of San Francisco, arising out of or in connection with its claimed liens and rights asserted and claimed by it in the within action.

[50] 11. That of the total sum of $13,493,185.32 paid by the obligor-trustors on the notes and trust deeds set forth and described in said schedule from May 20th, 1946, to January 18th, 1954, to, and received by, said Long Beach Association and/or said Ammann (during the period of his possession and operation of said Association as aforesaid), the sum of $1,641,037.96 has been heretofore deposited in the Court in action 5421-5678, and the title to said sum so deposited is not herein or hereby quieted, which sum so deposited in Court subtracted from said total of $13,493,185.32 leaves the sum of $11,852,147.36 so paid and received on account of said trust deeds and notes as aforesaid, and said sum of $11,852,147.36 is, and is entitled to be, held by said Long Beach Association free and clear of any and all claims and demands of said Ammann and/or said Bramley, acting or arising under Federal Home Loan Bank Administration Order No. 5254, and free and clear of any and all claims of lien asserted by said San Francisco Bank in the within action; and the title to said sum of $11,852,147.36 of money, so paid and received as aforesaid, should be, and is, quieted by judgment herein provided, against any and all claims of said Ammann and/or George K. Bramley acting or arising under Federal Home Loan Bank Administration Order No. 5254, and against any and all claims of lien

asserted or claimed by said San Francisco Bank in the within action.

12. That Title Service Company and Long Beach Federal Savings and Loan Association, and each, every, and all of the members of said class described in paragraph 3 of these Conclusions of Law, holds, and have held, and is, and are entitled to hold, said notes and trust deeds, and their [51] respective interest therein, and in and to the real property covered by said notes and trust deeds, free and clear of any and all claims of every kind and nature of said Ammann and/or Bramley, acting or arising under Federal Home Loan Bank Administration Order No. 5254, and also free and clear of any and all claims of lien asserted by the plaintiff, Federal Home Loan Bank of San Francisco, in the within action, and are and each of them is, entitled to the judgment quieting title thereto as herein provided.

13. That defendants and cross-claimants Home Investment .Company, Long Beach Federal Savings and Loan Association, and Title Service Company, by reason of the disclaimer filed herein by plaintiff San Francisco Bank, are not, nor are any of them, nor any member of the class which they or either of them represent, entitled to any judgment for Court costs on the within judgment.

14. Nothing set forth in the Findings of Fact and Conclusions of Law or the Judgment herein, affects, or is intended to affect, or is, or is intended to be, an expression of opinion, decision or judgment on:

(a) The validity or invalidity of any of the notes which are the subject matter of the plaintiff's complaint in the within action, or any claim of right of San Francisco Bank to recover a judgment thereon;

(b) Or the validity or invalidity of any of the claims of right to liens asserted by the San Francisco Bank to exist against the U. S. Bonds, their attached coupons, and cash, on deposit in Court herein, or in other actions, and substituted as security for the notes, properties, trust deeds and rights, which are the subject matter of the within Findings of Fact, Conclusions of [52] Law.and Judgment;

(c) Or of the right of San Francisco Bank in the event it obtains a money judgment in the within action to execution upon any or all of the assets, and/or properties of the Long Beach Federal Savings and Loan Association;

(d) Or upon any of the claims asserted by Long Beach Association in the within action, whether by cross-claim, answer, third-party complaint, or otherwise, except as judgment is herein provided on the third cause of action in its cross-claim heretofore filed herein. All issues of fact and law so reserved are separate and severable from the issues of fact and law, herein settled by findings of fact, conclusions of law and judgment, and are not material thereto. The cross-complaint in interpleader-intervention of Title Service Company has been dismissed as to the first and second causes of action therein, by separate judgment, and such causes of action are not involved herein, and are immaterial hereto.

15. That the pleadings, affidavits, evidence, and statements of counsel, show that there is no genuine issue as to any material fact, necessary to support the judgment herein provided, nor any substantial controversy concerning the same, and that the moving parties are entitled to the quiet title judgment herein provided, as a matter of law.

### Order and Judgment.

It Is Therefore Ordered, Adjudged And Decreed:

I. Incorporated in this judgment is a schedule comprising pages 1 to 121 describing the notes and trust deeds which, or the rights and properties flowing from, or concerning which, are the subject of the within quiet title judgment. Such schedule lists in appropriate columns: the original amount of the note or notes; the loan number (as carried by Long Beach Federal Savings and Loan Association, A. V. Ammann while acting under, or pursuant to, Federal Home Loan Bank

Administration Order No. 5254, and by Federal Home Loan Bank of San Francisco); the date of execution of said notes and the deeds of trust securing said notes; the name of the original trustor (debtor, homeowner, borrower, obligor); the name of the trustee; whether as of January 18, 1954, said notes and deeds of trust had been fully paid or not, by the respective trustors thereon; and the date, book and page, of recordation of such deeds of trust in the Office of the County Recorder of Los Angeles County, California, from which the legal description of each and all parcels of real property covered by said trust deeds and notes is ascertainable of record.

II. The total number of said notes secured by said trust deeds is 4,236. The total amount originally loaned on said notes and trust deeds was $16,967,606.46. The total number of borrowers identified by name on said notes and trust deeds is approximately 8,000 (two borrowers for each parcel of property, usually husband and wife).

[54] III. Each and all of said notes and deeds of trust identified on said schedule as "paid," had been on, or prior to, said January 18, 1954, fully paid by or on behalf of said respective trustors thereon to defendant Long Beach Federal Savings and Loan Association and/or to A. V. Ammann acting under or pursuant to Federal Home Loan Bank Administration Order No. 5254 (while in possession and operation of said Long Beach Federal Savings and Loan Association) or, to the Clerk of this Court in Actions 5421–5678 upon interpleader-interventions.

IV. Each and all notes and deeds of trust on said schedule referred to as "unpaid" had prior to January 18, 1954, been partially paid by monthly or other installments, by or on behalf of the respective trustors named therein to defendant Long Beach Federal Savings and Loan Association and/or to A. V. Ammann acting under or pursuant to Federal Home Loan Bank Administration Order No. 5254 (while in possession and operation of said Long Beach Federal Savings and Loan Association) but as of said date of January 18, 1954, were not yet fully paid by said trustors.

V. The ownership and title of Home Investment Company of Long Beach a California corporation as absolute owner in fee simple and its successors, grantees, assigns, and those claiming under, by, or through it, in and to the real property described in each of the individual deeds of trust listed and identified on said schedule as "paid" wherein Home Investment Company of Long Beach is named as trustor are each and all hereby quieted, established determined, and adjudicated as valid, in favor of, said Home Investment Company of Long Beach and its successors, grantees, assignees and those claiming under, by, or through it, and against A. V. Ammann, his deputies, servants, agents, and [55] employs, acting under, and pursuant to, arising, or which may arise, out of such acts under Federal Home Loan Bank Administration Order No. 5254, and also against any, and all, claims of right or lien, asserted therein, thereon, or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

Each and all of said individual notes and deeds of trust securing said notes are hereby cancelled, and all obligations thereunder terminated.

VI. The ownership and title respectively of Home Investment Company, as a representative of, and a member of, the class of trustors identified in said schedule as "paid," on or before January 18, 1954, and of each, every, and all, of the individual trustors so named, and their executors, administrators, grantees, successors, assigns, and those claiming under, by, or through, them, as absolute owners in fee simple of the respective parcels of real property described in said deeds of trust, identified as "paid" on said schedule, are, and each of them is, hereby quieted, established, determined, and adjudicated, as valid, in favor of said representative of said class, and of each, every, and all, of the separate members of said class, and their said successors,

etc., and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursuant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254, and also against any and all claims of right or lien, asserted therein, thereon, or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

Each and all of said individual notes, deeds of trust securing the same, are hereby cancelled and terminated, and all obligations thereunder terminated.

[56] VII. The ownership and title of Title Service Company as trustee to each, every, and all, of the releases and requests for reconveyances received by it, or directed to it, prior to January 18th, 1954, of each, every, and all the separate parcels of property covered by the notes and trust deeds, and of said trust deeds, identified in said schedule as "paid," are hereby quieted, established, determined, and adjudicated, as valid in favor of said Title Service Company, and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursuant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254, and also against any and all claims of right or lien, asserted therein, thereon, or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

VIII. The ownership and title of defendant Long Beach Federal Savings and Loan Association to the sum of $11,852,147.36 paid prior to January 18th, 1954, by or on behalf of each, every, and all of said trustors listed in said schedule, pages 1 to 121 thereof, to, and prior to January 18th, 1954, received by, said Long Beach Federal Savings and Loan Association and/or said A. V. Ammann (while in possession and operation of said Association), acting under, or pursuant to, Federal Home Loan Bank Administration Order No. 5254, as full or partial payments on said notes and deeds of trust in said sched-

ule, pages 1 to 121 thereof, is hereby quieted, established, determined, and adjudicated, as valid in favor of said Long Beach Federal Savings and Loan Association, and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursuant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254[57] and also against any and all claims of right or lien, asserted therein, thereon, or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

IX. The ownership and titles of defendant Long Beach Federal Savings and Loan Association as absolute owner of and as payee and beneficiary in, and to, the notes and deeds of trust, identified on said schedule as "unpaid," and all rights thereto, and thereunder, in and to, the respective parcels of property covered thereby, are hereby quieted, established, determined, and adjudicated as valid in favor of said Long Beach Federal Savings and Loan Association, and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursuant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254, and also against any and all claims of right or lien, asserted therein, thereon, or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

X. The ownership and title of Title Service Company as trustee in, and to, each, all, and every, of the notes and deeds of trust, identified on said schedule as "unpaid," and in and to the real property described in each, every, and all, of the said deeds of trust, and its successors, grantees, assigns, and those claiming under, by, or through it, are, and each of them is, hereby quieted, established, determined, and adjudicated as valid, in favor of said Title Service Company as trustee, and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursu-

ant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254, and also against any and all claims of right or lien, asserted therein, thereon, or thereto, by said Federal [58] Home Loan Bank of San Francisco in the within action.

XI. The ownership and title respectively, of Title Service Company and Long Beach Federal Savings and Loan Association, as representatives and members of the class of trustors identified in said schedule pages 1 to 121 thereof as "unpaid," on or before January 18th, 1954, and of each of them, and of each, every, and all, of the separate respective trustors so named, and their respective executors, administrators, grantees, successors, assigns, and those claiming by, through, or under them, insofar as their interests, as the interests of each of them respectively, appears, in and to the respective parcels of real property described in said deeds of trust, identified in said schedule pages 1 to 121 thereof as "unpaid," are, and each of them is, hereby quieted, established, determined, and adjudicated, as valid, in favor of Title Service Company and Long Beach Federal Savings and Loan Association, said representatives of said class, and in favor of, each, every, and all, of the separate members of said class, and their said successors, etc., and against A. V. Ammann, his deputies, agents, servants, and employees, acting under, or pursuant to, or arising, or which may arise, out of such acts, or under Federal Home Loan Bank Administration Order No. 5254, and also against any and all claims of right of lien, asserted therein, thereon or thereto, by said Federal Home Loan Bank of San Francisco in the within action.

All subject, however, to the payment of the respective unpaid balances due upon each of said notes and deeds of trust, and all terms and provisions of said properties, notes and deeds of trust.

XII. That said A. V. Ammann and/or George K. Bramley, acting under, or

pursuant to, Federal Home Loan Bank Adminis- [59] tration Order No. 5254, and the said plaintiff Federal Home Loan Bank of San Francisco, and each of them, and their, and each, every, and all of their, respective successors in interest, deputies, agents, servants, employees, attorneys, directors, trustees, subordinates, and/or entities, acting by, under, or through them, or on, or in their behalf, or on or in behalf of each, every, and all of them, are, and each of them is, permanently enjoined and restrained, from ever hereafter asserting any claim, charge, duty, obligation, ownership, interest, title, or demand, of any nature whatsoever, contrary to, or in derogation of, the within judgment.

XIII. The claims of lien asserted by plaintiff Federal Home Loan Bank of San Francisco in its complaint herein, are hereby lifted and removed from all of the property, title to which is herein quieted, and (pending settlement or final adjudication on the merits of the within action which are not the subject of the within judgment quieting title), such claims are hereby, and/or otherwise, transferred to U. S. Government bonds, of the face value of $5,300,000, with their attached interest coupons (of a cash value of $839,675 on August 31, 1954), and the sum of $994,865.01 (plus 14 cents per day since August 3rd, 1953) in money, all now on deposit in the Registry of this Court herein or otherwise, or such other U. S. Government bonds, and/or other property, of equal or greater amount or value, as may be substituted therefor by order of this Court or otherwise, as security for the lien rights, if any, claimed by said Federal Home Loan Bank of San Francisco in its complaint herein, which security is sufficient to make the combined total sum of $6,324,098.35, with interest on $6,300,000 at 2 per cent per annum from the 10th day of March, 1948, until the notes in the face of [60] $6,300,000 (which are the subject matter of plaintiff's complaint on file herein), are paid, or until the validity and respective

rights and liabilities of the various parties to the within action concerning the same are adjudicated.

XIV. Any and all endorsements appearing on each, or any, of the notes and trust deeds described in said schedule, pages 1 to 121 thereof, in favor of said Federal Home Loan Bank of San Francisco, and any and/or all instruments assigning or transferring or purporting to assign or transfer, as security or otherwise, said, or any of said notes and/or trust deeds and any interest therein, or thereunder, and in and to the real property covered thereby, insofar as the same are contrary to, or in derogation of, the quiet title judgment herein provided, are hereby cancelled.

XV. Plaintiff in intervention and cross-defendant Title Service Company, as trustee in each and all of the notes and deeds of trust described in said schedule, pages 1 to 121 thereof, is, and its successors or successors in interest, as trustee, are respectively hereby authorized to reconvey each and any, and all, of the titles to real property received, or held by said trustee under each and all of said notes and deeds of trust, upon the sole releases and/or requests for reconveyance of the said notes and trust deeds, and the respective properties covered thereby, executed by said Long Beach Federal Savings and Loan Association, or its successor or successors in interest.

XVI. That defendants and cross-claimants Home Investment Company, Long Beach Federal Savings and Loan Association and Title Service Company, by reason of the disclaimer filed herein by plaintiff Federal Home Loan Bank of San Francisco, are not, nor are any of them, nor any [61] member of the class they, or either of them, represent, entitled to any judgment for Court costs on the within judgment.

XVII. Nothing set forth in the Findings of Fact and Conclusions of Law or the Judgment herein, affects, or is intended to affect, or is, or is intended to be, an expression of opinion, decision or judgment on:

(a) The validity or invalidity of any of the notes which are the subject matter of the plaintiff's complaint in the within action, or any claim of right of San Francisco Bank to recover a judgment thereon;

(b) Or the validity or invalidity of any of the claims of right to liens asserted by the San Francisco Bank to exist against the U. S. Bonds, their attached coupons, and cash, on deposit in Court herein, or in other actions, and substituted as security for the notes, properties, trust deeds and rights, which are the subject matter of the within Findings of Fact, Conclusions of Law and Judgment;

(c) Or of the right of San Francisco Bank in the event it obtains a money judgment in the within action to execution upon any or all of the assets, and/or properties of the Long Beach Federal Savings and Loan Association;

(d) Or upon any of the claims asserted by Long Beach Association in the within action, whether by cross-claim, answer, third-party complaint, or otherwise, except as judgment is hereby provided on the third cause of action in its cross-claim heretofore filed herein.

All issues of fact and law so reserved are separate and severable from and not material to the issues of fact and law, herein settled by findings of fact, conclusions of law and judgment. The cross-complaint in interpleader-intervention of Title Service Company has been dismissed as to the [62] first and second causes of action therein, by separate judgment, and such causes of action are not involved or material herein.

XVIII. That the pleadings, affidavits, evidence, and statements of counsel, show that there is no genuine issue as to any material fact, necessary to support the judgment herein provided, nor any substantial controversy concerning the same, and that the moving par-

ties are entitled to the quiet title judgment herein provided as a matter of law.

XIX. That notwithstanding the foregoing reservation in Paragraph XVII, this summary judgment is a final judgment of this Court as contemplated by Rule 54(b), F.R.C.P., subject to appeal as such.

XX. The Court hereby expressly determines that there is no just reason for delay in decision of and judgment on the matters herein decided and adjudicated and expressly directs the entry of the final judgment contained herein.

Order Denying Summary Judgment
Against Defendants Home Loan
Bank Board, et al.

Filed
Sept. 16, 1954
Edmund L. Smith,
Clerk
By S. W. Stacey
Deputy Clerk

Judgment
Docketed and Entered
Sept. 16, 1954
Edmund L. Smith,
Clerk
By C. A. Simmons
Deputy Clerk

[1] District Court of the United States Southern District of California, Central Division.

Federal Home Loan Bank of San Francisco, a Corporation, Plaintiff, vs. Long Beach Federal Savings and Loan Association, a Corporation, Defendant.

Home Investment Company of Long Beach, as representatives of a class of 8,000 Homeowners, and Title Service Company, as trustee on deeds of trust on the homes of 8,000 homeowners, et al., Cross-claimants, vs. Federal Home Loan Bank of San Francisco, A. V. Ammann, Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, et al., Cross-defendants.

Long Beach Federal Savings and Loan Association, et al., Cross-claimants, vs. Federal Home Loan Bank of San Francisco, A. V. Ammann, Home Loan Bank Board, et al., Cross-defendants. Civil Action No. 13979–P.H.

Order Denying Summary Judgment
Against Defendants Home Loan
Bank Board, et al.

[2] The motions for Summary Judgment of defendants and cross-defendants:

(a) Home Investment Company on behalf of itself and as representatives of the class of 8,000 homeowners similarly situated,

(b) Defendant Long Beach Federal Savings and Loan Association on behalf of itself and as representative of said class of 8,000 homeowners, and

(c) Title Service Company, as trustee under the deeds of trust on the homes of said 8,000 homeowners,

to quiet title, all came on regularly to be heard before this Court, and were heard on the following dates; to-wit: May 21, 25, 1953, June 8, 22, 24, 1953, August 3, 1953, October 12, 13, 14, 15, 16, 20, 21, 22, 1953, December 21, 22, 1953, and January 11, 14, 21, 22, 27, 28, 1954.

Said motions for summary judgment were ordered granted in part and denied in part by this Court in its Memorandum Opinion filed June 10th, 1954. For the reasons and causes therein stated, the said motions for summary judgment are hereby denied as to:

(a) Cross-defendant Home Loan Bank Board,

(b) Cross-defendant Federal Savings and Loan Insurance Corporation,

(c) Cross-defendants Divers, Adams, LaRoque, Heisler, and McAllister, individually and/or as members of said Board and Trustees of said Insurance Corporation,

(d) Carl R. Gray, Jr., individually and/or as Administrator of Veterans' Administration; and

This order is not conclusive nor decisive of any of the merits of the issues, if any, as to the parties against whom summary judgment is herein denied. Each and all of such [3] issues, if any, are reserved and preserved for adjudi-

cation upon trial, or as the Court may otherwise order.

### Order Severing Funds.

Filed
Sept. 14, 1954
Edmund L. Smith, Clerk
By C. A. Simmons
Deputy Clerk

Judgment
Docketed and Entered
Sept. 16, 1954
Edmund L. Smith, Clerk
By C. A. Simmons
Deputy Clerk

[1] District Court of the United States, Southern District of California, Central Division.

Mallonee, et al., Plaintiffs, vs. Fahey, et al., Defendants. Civil Action No. 5421–P.H.

### Order Severing Funds.

It Appearing To The Court:

That in the within action and the consolidated action Nos. 5421–5678, as a result of numerous orders, whether on interpleader or intervention, or otherwise, there is on deposit in the registry of the Court at present $5,300,000 face value of U. S. bonds and cash in the total sum of $2,315,600.27, consisting of interest coupons attached to said bonds which to date of August 30, 1954 were accumulated in the cash value sum of $839,675 (which interest accumulates at the rates of $10,500 a month), and other cash in the sum of $1,475,935.27, plus a cashier's check in the sum of $50,000;

That there is also on deposit notes signed "A. V. Ammann, conservator," payable to the Federal Home Loan Bank of San Francisco in the face sum of $6,300,000;

That Long Beach Federal Savings and Loan Association [2] is the owner of capital stock of the Federal Home Loan Bank of San Francisco of the par value of $608,400, which stock is by statute made security in addition to any other security for any obligation of Long Beach Federal Savings and Loan Association to said Federal Home Loan Bank of San Francisco;

That of said property on deposit, the said U. S. Government bonds, their attached coupons, and said notes in the face sum of $6,300,000, are the only properties remaining in the registry of the Court which were deposited by the Federal Home Loan Bank of San Francisco pursuant to an order of this Court of March 13, 1948, which required the Federal Home Loan Bank of San Francisco to, and said Bank did, deposit said conservator's notes, the said bonds, their attached coupons, and original notes and trust deeds in the then face amount approximately of $7,000,000, which trust deeds covered approximately 3,000 separate parcels of separately owned real property;

That by order of March 26, 1948, said trust deeds and notes were returned to Long Beach Federal Savings and Loan Association, and the claimed lien of the Federal Home Loan Bank of San Francisco was transferred to said bonds, their attached coupons, and a sufficient amount of cash on deposit and in Court to be security for the claimed rights and liens of the Federal Home Loan Bank of San Francisco under said conservator's notes of the face amount of $6,300,000;

That the mandate of the U. S. Court of Appeals in No. 12511 of that Court, directed by paragraph 3 thereof, as follows:

"3. Dissolve, set aside and vacate the order of said District Court entered the 13th day of March, 1948, insofar as the same requires Federal Home Loan Bank of San Francisco to [3] deposit in the Registry of said District Court promissory notes in the aggregate principal amount of $6,300,000, collateral securing the same and any other documents or property deposited by San Francisco Bank pursuant to said order; and return to Federal Home Loan Bank of San Francisco without charge or impairment said promissory notes, together with Government bonds in the face amount of $5,300,000.00

with all interest coupons attached thereto at the time of deposit and together with cash from the sum in the Registry of said Court sufficient to make the combined total sum of $6,324,098.35, with interest on $6,300,000.00 at 2% per annum from the 10th day of March, 1948 until the date of such release."

That thereafter an audit of all of the funds on deposit in Court in consolidated actions Nos. 5421–5678 was made. That the amount required to be held as security on said conservator's notes in addition to said U. S. Government bonds and the attached coupons is and was the sum of $994,865.01, plus 14 cents per day;

That as appears from the records and files in the within and said consolidated proceedings, and from the above mentioned audit, a summation of which is found in Mallonee v. Fahey, D.C., 117 F. Supp. 259, at page 288 et seq., the sum of $1,641,037.96 was deposited in interpleader-interventions in the within case or said consolidated case, by parties other than those having any possible liability on said conservator's notes.

Now, Therefore, Good Cause Appearing, of the Court's own motion, and in order to carry out the terms of the mandate, [4] and in order to permit an orderly disposition of the funds and properties on deposit in Court, whether claimed by Federal Home Loan Bank of San Francisco, Long Beach Federal Savings and Loan Association, or others, the said U. S. Government bonds in the face amount of $5,300,000, and their attached coupons, and cash in the sum of $994,865.01, plus 14 cents per day from and after August 3rd, 1953, plus said conservator's notes in the face amount of $6,300,000, be, and are, severed from all other property and cash now on deposit in the registry of this Court, and the Clerk is hereby ordered and directed to hold the same under a separate account, on his books in the within action, to the credit of the Federal Home Loan Bank of San Francisco and/or Long Beach

Federal Savings and Loan Association, pending further order of this Court.

## Order Vacating Stay.

Filed
Sept. 16, 1954
Edmund L. Smith,
    Clerk
By S. W. Stacey,
Deputy Clerk

Judgment
Docketed and Entered
Sept. 16, 1954
Edmund L. Smith,
    Clerk
By C. A. Simmons
Deputy Clerk

[1]   District Court of the United States, Southern District of California, Central Division.

Mallonee, et al., Plaintiffs, vs. Fahey, et al., Defendants.   Civil Action No. 5421–P.H.

## Order Vacating Stay.

It Appearing to the Court:

That on March 13th, 1948, defendant Federal Home Loan Bank of San Francisco had in its possession the $5,300,000 in U. S. Bonds, described in detail in the order of December 11th, 1953 (Appendix E to Memorandum filed June 10th, 1954), which had come into its possession, and was held by it as claimed collateral security only, and not otherwise, upon certain notes then in the face amount of $6,300,000, signed "A. V. Ammann, conservator";

That said Federal Home Loan Bank of San Francisco also had in its possession on said date, as such claimed collateral security, 2,400 original homeowners notes, of an unpaid face balance of approximately $7,000,000, original trust deeds conveying the legal title to several thousand separate parcels of separately owned real property to a trustee as security for [2] said notes.   That said original notes and trust deeds had come into the possession of said Federal Home Loan Bank of San Francisco from said Ammann and were held by said Federal Home Loan Bank of San Francisco as collateral security only on said notes signed by Ammann, all as more specifically appears in the Order of March 13th,

1948 herein, reference to which is hereby made for further particulars;

That the said $5,300,000 of U. S. bonds and attached interest coupons, and said homeowners notes and trust deeds, were deposited in Court, pursuant to said Order of March 13, 1948, and thereafter under an order of the above entitled Court in the within case, dated the 26th day of March, 1948, all the said homeowners notes and trust deeds were delivered to the Long Beach Federal Savings and Loan Association, and the lien, if any, of the Federal Home Loan Bank of San Francisco thereon, was transferred to cash, (which was on deposit in Court as a result of independent interpleader actions) to an amount, in addition to said U. S. bonds and their attached coupons, sufficient to meet the collateral requirements of said conservator's notes in the face of $6,300,000, all as more particularly set forth in said Order of March 26, 1948, reference to which is hereby made for further particulars;

That thereafter, and on March 27, 1952, said San Francisco Bank filed action No. 597402 in the Superior Court of the State of California, in and for the County of Los Angeles, which, among other things, sought to foreclose the claimed lien of Federal Home Loan Bank of San Francisco on the said, and other, homeowners notes and trust deeds, and on said U. S. Government bonds and their attached coupons, which action was thereafter duly and regularly removed to this Court on April 3, 1952, and bears No. 13979–P.H. of this Court, and is still pending in this Court, with various cross-claims, third party [3] complaints, and interpleaders, filed therein;

That the total annual interest on said conservator's notes in the face of $6,300,-000 is the sum of $126,000 per year. That the total annual interest on the said $5,300,000 in U. S. Government bonds in Court is the sum of $125,950 per year, which is represented by coupons still attached to said bonds, which have matured and are due and cashable at par, and which amount to approximately $818,-675 cash, as of June 30, 1954;

That the total sum of $994,865.01 on deposit in Court herein, plus 14 cents per day, is required to cover the claims of lien of said San Francisco Bank on said conservator's notes, which sum, added to the cash value of said interest coupons of $818,675, equals the sum of $1,-813.540.01, on deposit in Court not earning any interest, required to be held as collateral security for the payment of the liability, if any, on said conservator's notes of the face amount of $6,300,000; that such retention of cash and interest coupons amounts to a loss to Long Beach Federal Savings and Loan Association of approximately $49,000 per year; that from the date of the stay on or about October 30, 1952, to June 24, 1953, Long Beach Federal Savings and Loan Association, by a stay issued by the U. S. Court of Appeals in Case No. 12511 of that Court, was prohibited from making any effort or motion to convert said cash and coupons from non-interest bearing property to interest bearing U. S. Government bonds, and thus avoid a loss to it of approximately $49,000 per year, and this Court, prior to such stay, and after appeal, out of deference to the jurisdiction of the appellate court, made no order for the conversion of such non-interest bearing cash to interest bearing U. S. Government bonds; that such stay was not vacated until the receipt and spreading of the mandate of the U. S. Court of Appeals in said case No. 12511, which mandate recognized that said U. S. Government bonds and [4] coupons, and said cash, was to be held as collateral security only on said conservator's notes; that thereafter, during the proceedings on various motions for judgments under said mandate, Long Beach Federal Savings and Loan Association requested permission to convert said cash, and coupons, into interest bearing Government bonds, but this Court deferred any action on said motion, pending hearing on said various motions and analysis and action on the multitude of complications arising from the numerous motions and proceedings pending;

That action No. 13979 of this Court is an action wherein Federal Home Loan Bank of San Francisco is plaintiff, and Long Beach Federal Savings and Loan Association is defendant. That said action seeks, among other things, to foreclose a claimed lien by said Federal Home Loan Bank of San Francisco on the above mentioned and other collateral claimed as security for the said conservator's notes in the face amount of $6,300,-000. That the other property upon which Federal Home Loan Bank of San Francisco claims a lien in said action consists of approximately 4,000 notes and trust deeds executed by approximately 8,000 persons, upon approximately 4,000 separate parcels of property separately owned, and that this Court has heretofore, or concurrently herewith, in Action No. 13979, made a final judgment quieting the title against said Federal Home Loan Bank of San Francisco and others, to said trust deeds, notes, proceeds, properties, and the real property covered thereby, the effect of which quiet title judgment is among other things, to transfer the claimed liens of Federal Home Loan Bank of San Francisco on such notes, trust deeds, and properties, to the U. S. Government bonds, hereinbefore mentioned, their attached coupons, and the above mentioned cash, all substituted security therefor;

That the Long Beach Federal Savings and Loan Association has offered in Action No. 13979, to deposit U. S. Government [5] bonds in the face value of $7,-000,000, bearing 2½% interest, which would accumulate interest at the rate of $175,000 per year, or $49,000 a year in excess of the interest requirements on the conservator's notes in the face sum of $6,300,000, which bonds are, and will be, a sufficient amount of property to cover any and all possible claims of liability, whether on principal, interest, attorneys' fees, or costs, which could be found to be due to said Federal Home Loan Bank of San Francisco on said conservator's notes in the face amount of $6,300,000, and which would result in a savings to the Long Beach Federal Sav-

ings and Loan Association and its shareholders and depositors of the sum of $49,-000 a year; that in addition to the foregoing Federal Home Loan Bank of San Francisco has $608,400 of its own capital stock owned by Long Beach Federal Savings and Loan Association, to which recourse can be had as further security on any liability found to be due from Long Beach Federal Savings and Loan Association to said Federal Home Loan Bank of San Francisco;

That it appears from the opinion and mandate of the U. S. Court of Appeals, and from the orders of that said Court vacating the stay of prosecution of Action No. 13979, and permitting the prosecution of said action by Federal Home Loan Bank of San Francisco, and the defense thereof by the Long Beach Federal Savings and Loan Association, pending appeal, that it was the intent and purpose of the U. S. Court of Appeals in directing the things required by paragraph No. 3 of the said Mandate, that the U. S. Government bonds, their attached coupons, and money substituted as collateral security in place of said notes and trust deeds, were to stand as collateral only, and not otherwise, for the claimed lien rights of said San Francisco Bank on the conservator's notes in the face amount of $6,300,000, pending the final disposition of Action No. 13979, [6] commenced by the Federal Home Loan Bank of San Francisco to collect on said conservator's notes and to foreclose such claimed liens.

That on September 14, 1954, the above entitled Court made its order severing and separating from all other funds and property on deposit in Court in the within action, the $5,300,000 Government bonds, and their attached coupons (in the cash value of approximately $818,-675 to June 30, 1954), and the sum of $994,865.01, plus 14 cents per day from August 3, 1953, and the conservator's notes in the face amount of $6,300,000, to be held by the Clerk of this Court in a separate account to the credit of the Federal Home Loan Bank of San Francisco and/or Long Beach Federal Sav-

ings and Loan Association, until further order of Court;

Now Therefore, It Is Hereby Ordered, that the order of December 21st, 1953, staying the order of December 11th, 1953, be, and the same, is hereby vacated.

While no stay has been issued in the pending writ proceedings in the Court of Appeals, nevertheless out of deference to the judgment of that Court in said proceedings, and possible Supreme Court rulings thereon, or in connection therewith, the effective date of this Order is stayed until further Order of this Court.

Order for Deposit by Clerk of Court Into Registry of U. S. Government Bonds, Cash, Etc., Subject of Foreclosure Action.

Federal Home Loan Bank of San Francisco, Plaintiffs, vs. Long Beach Federal Savings And Loan Association, Defendants.

Long Beach Federal Savings And Loan Association, Defendants and cross-claimants, vs. A. V. Ammann, Federal Home Loan Bank of San Francisco, Home Loan Bank Board, Federal Savings And Loan Insurance Corporation, et al., Cross-defendants.

Order for Deposit by Clerk of Court Into Registry of U. S. Government Bonds, Cash, Etc., Subject of Foreclosure Action.

On December 21, 1953, a motion was filed by Long Beach Federal Savings and Loan Association, cross-claimant in the above entitled action, for the retention of $5,300,000 U. S. Government bonds and their attached coupons, and the sum of approximately $1,000,000 in cash, then on deposit in [2] the registry of this Court in actions Nos. 5421–5678, to be retained on deposit in the registry of this Court in the within action as collateral security on the claims in plaintiff's complaint pending final judgment herein, and simultaneously filed in connection therewith, a document entitled "Tender," in connection with said motion, and produced in Court a cashier's check, dated December 17, 1953, in the amount of $7,004,498.34, and then, and thereafter, moved that said cashier's check, instead of being kept in the registry of the Court as non-interest bearing cash, be invested in U. S. Government bonds of the face of $7,005,-000.00 series of September 15, 1972–67, which bear 2½% interest, and be substituted in lieu and instead of said cashier's check, and in lieu and instead of $5,300,000 face U. S. Government bonds and their attached matured coupons of the cash value at that time of approximately $750,000 ($818,675 as of June 30, 1954, and accumulations thereof at the rate of $10,500 per month thereafter), and the sum of $994,865.01 in cash, plus 14¢ per day since August 3, 1943.

The interest on the conservator's notes in the face amount of $6,300,000 is $126,-000 per year. The interest on the $5,300,000 in Government bonds heretofore deposited in actions Nos. 5421–5678, is the sum of $125,950 per year. The coupons on said bonds of cash value of $818,675 on June 30, 1954, and said sum of $994,865.01, earn no interest. The interest on the said $7,005,000, 2½% Government bonds would be $175,000 per year, or $49,000 a year more than the accumulating interest on the conservator's notes in the sum face of $6,300,000.

That on December 11th, 1953, an order was made by this Court, directing the delivery to the San Francisco Bank in actions Nos. 5421–5678, of the said $5,300,000 U. S. bonds and their attached coupons, together with the sum of $994,-865.01, [3] plus 14¢ per day, after August 3, 1953, on condition that it sign a receipt to be approved by the Court.

The Court has heretofore indicated that it would approve a form of receipt which required said bonds and cash to be held as collateral security only, and not otherwise, on said conservator's notes in the face of $6,300,000, subject to any final judgment in Action No. 13979, in the above entitled Court, or in any final judgment in Action No. 13979 in the

event the same is ultimately remanded to the State Court.

That the counsel for the Federal Home Loan Bank of San Francisco have refused to approve such a form and have submitted a form of receipt indicating the receipt of such bonds and money unconditionally, without regard to pendency or the outcome of Action No. 13979–P.H.

That on June 10th, 1954, the Court filed its Memorandum of Opinion in the within matter herein, 122 F.Supp. 401, including a direction for an order which would provide that the Long Beach Federal Savings and Loan Association deposit in Court U. S. Government 2½% interest bearing bonds, in the face of $7,005,000.00 in place and in lieu of the $5,300,000 Government bonds and their attached coupons, and the sum of $994,-865.01, which U. S. 2½% bonds of $7,005,000 would be delivered to the Federal Home Loan Bank of San Francisco upon its executing a receipt acknowledging that said bonds and their attached coupons were received by it as collateral security only and not otherwise for the payment of the amount, if any, finally adjudged to be due on the conservator's notes of the face of $6,300,000 in Action No. 13979 of this Court, or finally adjudged to be due in that action in the event the same is remanded to the State Court.

The said opinion of June 10th, 1954, 122 F.Supp. 401, further provided counsel for the parties which prevailed [4] on the several motions therein decided, would prepare appropriate findings, judgments, and orders in accordance with the foregoing, and serve the same under the rules.

That counsel for Federal Home Loan Bank of San Francisco have failed to prepare any such order or any such receipt and have indicated to the Court that they would not do so.

That there is a possible conflict between the terms of various documents signed by Ammann as conservator and set forth in said Memorandum of Opinion, filed June 10th, 1954, and described as subordination agreements, collection agreements, pledge agreements, assignments of mortgages and trust deeds, and each of the said conservator's four promissory notes, which total face $6,300,000, the subject of the complaint of the within action; the conservator's notes provide for private sale of collateral without notice or right of redemption and that San Francisco Bank may purchase at such sale, which Long Beach Association contends is not permitted by said other agreements, or at all.

That counsel for the Federal Home Loan Bank of San Francisco have maintained since the removal of the within action from the State Court to this Court, that this Court was without, and in excess of, its jurisdiction in the above entitled action.

That this action No. 13979 is an action in equity wherein, among other things, the Federal Home Loan Bank of San Francisco seeks through the process of foreclosure by judgment in this action to establish the validity of said conservator's notes and to foreclose on the claimed security therefor, instead of by pledgee's private sale.

That by the failure and refusal of the Federal Home Loan Bank of San Francisco to execute a receipt for the bonds and money ordered returned to it in actions Nos. 5421–5678 by [5] Order of December 11th, 1953, to the effect that such bonds and cash shall be held as collateral security only, and not otherwise, and are subject to any final judgment in the action commenced by them, now bearing No. 13979, and by various statements by their counsel in Court, and from all proceedings had herein and in related matters, Federal Home Loan Bank of San Francisco threatens that unless the equity powers of this Court are exercised it will, or will attempt to, apply the said cash and interest coupons on said U. S. Government bonds, received by it upon said conservator's notes, and sell at private sale, without notice and without the right of redemption under

claimed rights so to do, the said $5,300,-000 Government bonds, thus putting it in a position to contend that, said notes will have been paid in full or in part, that thereby said action would then be moot, and for the right to dismiss Action No. 13979, without regard to the right of the Long Beach Federal Savings and Loan Association to litigate its claims on the merits concerning the validity of the notes and various agreements involved, and other claims asserted in the complaint of Federal Home Loan Bank of San Francisco, all of which are more specifically set forth in the answers, cross-claims and third-party complaints, filed by the Long Beach Federal Savings and Loan Association in Action No. 13979.

That its conduct indicates a possible decision on its part to test the jurisdiction of this Court in a contempt proceeding after the application of said cash and coupons and the sale of the bonds as above set forth.

That by the Memorandum Opinion of June 10th, 1954, 122 F.Supp. 401, the Court directed the preparation of judgments quieting title, among other things, to all of the homeowner trust deeds and notes, and the properties covered thereby, which homeowner trust deeds and notes were delivered into Court in [6] actions Nos. 5421–5678 on March 13th, 1948, by San Francisco Bank, and in turn delivered to Long Beach Federal Savings and Loan Association under order of this Court in that action on March 26, 1948.

That by the making of the within order, the *res* of Action No. 13979 will be preserved. United States v. United States District Court, 9 Cir., 206 F.2d 303. The claimed right of security to bonds, coupons and cash in lieu and instead of said homeowners' trust deeds and notes and real property covered thereby will be protected and preserved, such security will be held without charge or impairment, and on the contrary will be enhanced on converting noninterest bearing accumulated interest coupons of

the cash value of $839,675 on August 30, 1954 and other noninterest bearing cash (totaling approximately $2,000,000) into interest bearing negotiable U. S. Government bonds, and the rights, equities, and claims of the Long Beach Federal Savings and Loan Association, set forth in its aforementioned pleadings, will also be protected, and the claims of both parties submitted to, and subjected to, any final judgment on the merits herein.

That conclusions differing from some of the terms of the within order are indicated in that portion of the Memorandum Opinion of June 10th, 1954, dealing with this subject. That upon further consideration of the matter, good cause appearing therefor, the Court makes all of the foregoing findings, and hereby,

Orders and Adjudges:

That the said U. S. Government bonds in the face sum of $5,300,000 and their attached coupons, described in detail in the Order of December 11th, 1953, together with the sum of $994,865.01, plus 14 cents per day since August 3, [7] 1953, and the conservator's notes in the face sum of $6,300,000, all now on deposit in the registry of this Court in Action No. 5421, be returned to the Federal Home Loan Bank of San Francisco by transferring the same in the registry of this Court to the within Action No. 13979, to the credit of said Federal Home Loan Bank of San Francisco and/or Long Beach Federal Savings and Loan Association, whichever shall be held entitled thereto by final judgment in the within action, which the Clerk is ordered forthwith to do.

It Is Further Ordered, that upon compliance with the foregoing paragraph, the Long Beach Federal Savings and Loan Association, and in lieu and instead of said U. S. Government bonds of $5,300,000 and their attached coupons and said cash in the sum of $994,865.01, plus 14 cents per day since August 3, 1953, shall deposit in Court in this action U. S. Government, 2½% September 15, 1972–67 U. S. Government bonds

in the face of $7,005,000 and their attached interest coupons, which shall be retained by the Clerk in the registry of the Court pending final adjudication of the within action, as collateral security only on said conservator's notes in the face amount of $6,300,000, subject to all claims and liens, rights if any, of the parties to the within action, and that upon such deposit of $7,005,000 of U. S. Government bonds and their attached coupons the Clerk shall forthwith deliver to Long Beach Federal Savings and Loan Association the said U. S. Government bonds in the sum of $5,300,000 with their said attached interest coupons and the sum of $994,865.01, plus 14 cents per day since August 3, 1953.

While no stay has been ordered in the pending writ proceedings in the Court of Appeals, nevertheless out of deference to such Court, and possible Supreme Court rulings thereon, or in connection therewith, execution of the within [8] order is stayed until further order of the Court.